LOIS UPCHURCH JEFFREYS AND JOSEPH RANDOLPH JEFFREYS, PLAINTIFFS V. RALEIGH OAKS JOINT VENTURE, RALEIGH OAKS SHOPPING CENTER, INC., A TENNESSEE CORPORATION; SEYMOUR VOGEL, SYSON GROUP, INC., W.R. HENDERSON & ASSOCIATES, INC., A NORTH CAROLINA CORPORATION, W.R. HENDERSON, VERNON BROWN, RALEIGH OAKS LIMITED, A NORTH CAROLINA PARTNERSHIP, AND FLEET NATIONAL BANK, DEFENDANTS

No. 9310SC431

(Filed 21 June 1994)

**Appeal and Error § 119 (NCI4th)— action on lease payments—partial summary judgment—appeal interlocutory**

Defendants' appeal was dismissed as interlocutory where a dispute arose concerning lease payments, defendant ROJV asserted counterclaims, summary judgment was allowed for plaintiffs on those counterclaims, and the sole issue on appeal was whether the court erred in granting plaintiffs' summary judgment motion. The trial court made no certification as required by N.C.G.S. § 1A-1, Rule 54(b), and ROJV presented neither argument nor citation to show that it had the right to appeal the dismissal. It is not the duty of the Court of Appeals to construct arguments for or to find support for appellants' right to appeal.

**Am Jur 2d, Appeal and Error § 104.**

Appeal by defendants from order entered 14 December 1992 by Judge F. Gordon Battle in Wake County Superior Court. Heard in the Court of Appeals 4 February 1994.

This action arises out of an alleged lease agreement between plaintiffs and Defendants Henderson and W.R. Henderson & Associates, Inc. ("WRH&A") wherein Henderson and WRH&A allegedly agreed to lease seventeen acres of real property from plaintiffs for a period of ninety-nine years. The lease agreement was allegedly entered into on 19 September 1986, and the lease was entitled "Option for Ground Lease." Subsequently the parties amended the "Option for Ground Lease" by letter dated 26 October 1987. Thereafter, on 13 December 1988, plaintiffs and Defendant Vogel signed a document entitled "Option for Ground Lease" which contained the terms of the lease amendment that related to an "option" to lease nine of the seventeen acres of the property.

On 14 December 1988, Henderson and WRH&A purported to assign their interest in the 19 September 1986 lease to Raleigh Oaks

Joint Venture ("ROJV"), a Tennessee joint venture between Raleigh Oaks Shopping Center ("ROSC") and Vogel. ROJV obtained financing from Defendant Fleet National Bank to construct a shopping center on the front eight acres of the property leased by ROJV pursuant to the assignment, which shopping center ROJV constructed.

Plaintiffs filed this action against defendants alleging claims for breach of contract and fraud based on the allegations that defendants had failed to fulfill their obligations under the "Option for Ground Lease" as amended, the original "Option for Ground Lease," and the "Option for Ground Lease" pertaining to the option to lease nine of the seventeen acres by failing to pay rent due on the property. Defendants ROJV, ROSC, Memphis General Shopping Centers, Inc., Seymour Vogel, Syson Group, Inc., Vernon Brown, and Raleigh Oaks Limited filed an answer denying plaintiffs' allegations.

Further, Defendant ROJV asserted counterclaims against plaintiffs for slander of title, malicious interference of contract, fraud, and negligent misrepresentation. In support of its counterclaims, ROJV alleged that plaintiffs incorrectly informed Fleet that ROJV was in default on their payments under the lease causing diminution of ROJV's credit rating and ROJV's loss of possession of the shopping center.

Subsequently, ROJV filed a motion for partial summary judgment as to plaintiffs' claims against ROJV, and plaintiffs also moved for summary judgment as to all of ROJV's counterclaims against plaintiffs. On 14 December 1992, Judge F. Gordon Battle entered an order denying ROJV's motion for summary judgment as to plaintiffs' claim for breach of contract by ROJV, allowing ROJV's summary judgment motion as to plaintiffs' claim of fraud by ROJV, and allowing plaintiffs' motion for summary judgment as to each of ROJV's counterclaims against plaintiffs. The trial court left plaintiffs' claim for breach of contract for trial. From this order, Defendants Seymour Vogel, Memphis General Shopping Centers, and ROJV appeal.

*McMillan, Kimzey & Smith, by James M. Kimzey and Katherine E. Jean, for plaintiff-appellees.*

*Howard, From, Stallings & Hutson, P.A., by John N. Hutson, Jr., for defendant-appellant.*

ORR, Judge.

The sole issue before this Court is whether the trial court erred in granting plaintiffs' summary judgment motion as to ROJV's coun-

terclaims against plaintiffs. We need not address this issue, however, as this appeal is interlocutory and ROJV has failed to show this Court that a substantial right of ROJV's will be affected if ROJV is not given the right of immediate appeal from this order.

ROJV is appealing from the grant of partial summary judgment dismissing its counterclaims against plaintiffs. "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." *Liggett Group, Inc. v. Sunas*, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). "The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts." *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218, *disc. review denied*, 315 N.C. 183, 337 S.E.2d 856 (1985).

"Nonetheless, in two instances a party is <u>permitted</u> to appeal interlocutory orders . . . ." *Liggett Group Inc.*, 113 N.C. App. at 23, 437 S.E.2d at 677 (emphasis by underline added). First, a party is permitted to appeal from an interlocutory order when the trial court enters "a final judgment as to one or more but fewer than all of the claims or parties" and the trial court certifies in the judgment that there is no just reason to delay the appeal. N.C.R. Civ. P. 54(b); *Liggett Group Inc.*, 113 N.C. App. at 23, 437 S.E.2d at 677. Second, a party is permitted to appeal from an interlocutory order when "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Southern Uniform Rentals, Inc. v. Iowa Nat'l Mut. Ins. Co.*, 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988); N.C. Gen. Stat. § 1-277. Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.

Because the trial court in the case *sub judice* made no certification as required by Rule 54(b) of the North Carolina Rules of Civil Procedure, the first avenue of appeal is closed to ROJV. *See Liggett Group, Inc.*, 113 N.C. App. at 24, 437 S.E.2d at 677. ROJV did not, therefore, have a right to appeal the order in this case unless the order affected a substantial right that would work injury to ROJV if not corrected before appeal from final judgment. *Goldston v.*

*American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990). ROJV has failed, however, to make such a showing to this Court.

ROJV presented neither argument nor citation to show this Court that ROJV had the right to appeal the order dismissing its counterclaims. It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits. *See GLYK and Associates v. Winston-Salem Southbound Railway Co.*, 55 N.C. App. 165, 170-71, 285 S.E.2d 277, 280 (1981) (wherein this Court stated that the question of whether it should entertain an appeal from an interlocutory order "depend[ed] upon whether [the appellant] has shown that it was deprived of any substantial right" and dismissed the appeal upon finding that the appellant "failed to show that the [interlocutory order] deprived it of any substantial right"); *See also Godley Auction Co., Inc. v. Myers*, 40 N.C. App. 570, 574, 253 S.E.2d 362, 365 (1979) (dismissing appeal from interlocutory order when appellant *"failed to show"* "that the trial court's interlocutory order '[would] work an injury to him if not corrected before an appeal from the final judgment.' ") (emphasis added); *See generally Hajmm Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 589, 403 S.E.2d 483, 490 (1991) ("In civil cases, '[t]he burden is on the appellant not only to show error but to enable the court to see that he was prejudiced or the verdict of the jury probably influenced thereby.' "); *Gum v. Gum*, 107 N.C. App. 734, 738, 421 S.E.2d 788, 791 (1992) (appellant has the burden of showing error). Accordingly, we dismiss ROJV's appeal.

Further, Defendants Seymour Vogel and Memphis General Shopping Centers failed to file a brief with this Court. Appellate review is limited to questions presented to the reviewing court by briefs in accordance with the Rules of Appellate Procedure. *See* N.C.R. App. P. 28(a). Accordingly, we dismiss the appeal of these defendants.

Dismissed.

Judges COZORT and GREENE concur.