CHARLOTTE D. TAYLOR, Plaintiff,
v.
MILDRED BATTS and CREECH & CO., Defendants.
No. COA07-1362
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
Rose Rand Attorneys, P.A., by Jason R. Page and J. Brian Pridgen, for plaintiff-appellant.
Poyner & Spruill LLP, by Jenny Matthews McKellar, Timothy W. Wilson, and Gregory S. Camp, for defendant-appellee Creech & Co.
MARTIN, Chief Judge.
Charlotte D. Taylor ("plaintiff") appeals from an order entered 23 August 2007 granting summary judgment to defendant Creech & Co. For the reasons listed below, we dismiss the appeal.
Plaintiff instituted this action on 2 October 2006 against the defendants for breach of warranty of habitability, negligence, and unfair and deceptive trade practices for failure to properly inspect and maintain her rental property. Plaintiff alleged that at sometime prior to 24 May 2005, she moved into a house on 631 Tuskeegee Street in Wilson owned by defendant Mildred Batts. On 24 May 2005, Ms. Batts entered into a management agreement with defendant Creech & Co. ("Creech") to manage the rental property. On 8 September 2005, the floor of plaintiff's bedroom collapsed, plaintiff fell through the hole and sustained serious injuries.
On 9 August 2007, Creech moved for summary judgment. The trial court granted the motion as to all claims against Creech by order entered 23 August 2007. Plaintiff appeals.
Our first duty is to determine whether the appeal is properly before us for review. Where an order grants summary judgment to fewer than all the defendants in a case, an appeal from that order is interlocutory and thus untimely. In re Estate of Redding v. Welborn, 170 N.C. App. 324, 328, 612 S.E.2d 664, 66768 (2005). An interlocutory order may still be reviewed by this Court if: (1) when the trial court has certified, pursuant to Rule 54 of the North Carolina Rules of Civil Procedure, that no just reason exists to delay review of its order or (2) when the order deprives the appellant of a substantial right which would be lost if immediate review is not taken before a final determination of the case. Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). "A substantial right is affected when (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists." Redding, 170 N.C. App. at 328, 612 S.E.2d at 668 (internal quotation marks omitted). Determination of whether a substantial right is affected must be made on a case by case basis. See Waters v. Qualified Pers., Inc., 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). The appellant has the burden of showing that a substantial right will be lost absent an interlocutory appeal. See Jeffreys, 115 N.C. App. at 379, 444 S.E.2d at 253.
Here, the trial court's order disposed of the claims against Creech only; the claims against Ms. Batts are still pending. The trial court did not certify that the case was appealable pursuant to Rule 54 of the Rules of Civil Procedure in its order granting summary judgment and plaintiff therefore must argue that a substantial right has been affected such that immediate review is necessary. Although plaintiff did not initially argue a substantial right, she asserts in a reply brief that since she has raised identical claims against both defendants which involve the same factual issues, arguing that "[t]he possibility of two trials creates a possibility for inconsistent judgments and a waste of judicial manpower."
We are not persuaded by plaintiff's bare assertion that, absent immediate appellate review, she will lose a substantial right which will not be preserved for later appeal. See J & B Slurry Seal Co. v. Mid-South Aviation, Inc., 88 N.C. App. 1, 7, 362 S.E.2d 812, 816 (1987) ("[S]imply having all claims determined in one proceeding is not a substantial right."). Although this case involves the same legal claims against each of the two defendants, and the claims are based on the same underlying transaction, our review of plaintiff's claims reveals that the claims are predicated on the independent and separate duty of each defendant to properly inspect and maintain the rental premises. Plaintiff has not provided sufficient explanation regarding precisely how the legal claims and factual issues involved in this case overlap to the extent that inconsistent judgments may result should two trials eventually be held.
It is appellant's burden to provide this Court with grounds to hear an interlocutory appeal, and plaintiff here has failed to meet this burden of showing that the trial court's order deprives her of a substantial right. See Jeffreys, 115 N.C. App. at 380, 444 S.E.2d at 254 ("It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order."). Accordingly, the appeal is not properly before us and must be dismissed.
Dismissed.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).