CADLEROCK, L.L.C., Plaintiff,
v.
CAROLINA KOOLERS OF VIRGINIA, L.L.C., SINDO E. MAYOR, individually, and LYNNE W. MAYOR, individually, Defendants.
No. COA08-974.
Court of Appeals of North Carolina.
Filed April 7, 2009.
This case not for publication
Newman & Newman, Attorneys at Law, PLLC, by James T. Newman, Jr., for plaintiff-appellant.
Cranford, Schultze, Tomchin and Allen, P.A., by Michael F. Schultze, for defendants-appellants.
JACKSON, Judge.
Cadlerock, L.L.C. ("plaintiff") and Carolina Koolers of Virginia, L.L.C., Sindo E. Mayor, and Lynne W. Mayor ("defendants") appeal from the trial court's order which denied the parties' respective motions for summary judgment. For the reasons stated below, we dismiss this appeal as interlocutory.
On 1 July 2001, defendant Carolina Koolers of Virginia borrowed $1,269,478.45 from FirstMerit Bank, N.A. ("FirstMerit"). Defendants Sindo E. Mayor and Lynne W. Mayor and two other individuals executed a continuing commercial guaranty pursuant to which they guaranteed the payment and performance of all obligations of defendant Carolina Koolers of Virginia. On 13 July 2004, FirstMerit filed documents which purportedly assigned the security interest to plaintiff. In a demand letter dated 24 November 2004, plaintiff notified defendants that they were in default on the contract and that as a result plaintiff was accelerating the payments and demanding the entire contract balance. Plaintiff filed a complaint against defendants on 30 June 2005, but voluntarily dismissed that lawsuit without prejudice on 31 May 2006. Plaintiff refiled its complaint against defendants for breach of contract on 20 July 2006.
In their answer and counterclaim, defendants alleged five affirmative defenses and asserted four counterclaims against plaintiff. Plaintiff filed a motion for summary judgment on 15 August 2007. On 17 August 2007, individual defendants Sindo E. Mayor and Lynne W. Mayor also filed a motion for partial summary judgment. Plaintiff subsequently filed an amended motion for summary judgment on 7 February 2008. All defendants filed an amended motion for summary judgment on 27 February 2008.
The trial court heard the parties' motions for summary judgment on 6 March 2008. After finding "that each and every Motion of both the Plaintiff and of the Defendants contain genuine issues of material fact," the trial court in its order of 14 March 2008 denied both plaintiff's amended motion for summary judgment and defendants' amended motion for summary judgment. The trial court concluded that "although this Order is interlocutory, it affects a substantial right of all of the parties[,]" and then certified pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure that there was "no just reason for delaying any appeal of any of the parties . . . ." From the trial court's order, plaintiff and defendants appeal.
As an preliminary matter, this Court must determine whether the trial court's order is immediately appealable. "[I]f an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." Bailey v. Gooding, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980) (citations omitted). Because the denial of the parties' motions for summary judgment did not dispose of the case and will require further action by the trial court to determine the entire controversy, the trial court's order is interlocutory. See Veazey v. Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381, reh'g denied, 232 N.C. 744, 59 S.E.2d 429 (1950).
While interlocutory orders generally are not immediately appealable, there are two exceptions. See Liggett Group v. Sunas, 113 N.C. App. 19, 23, 437 S.E.2d 674, 677 (1993). The first exception is "where there has been a final determination of at least one claim, and the trial court certifies [pursuant to Rule 54(b)] there is no just reason to delay the appeal[.]" Id. (citations omitted). Here, the trial court certified its order; however, a trial court's certification pursuant to Rule 54(b) is reviewable by this Court upon appeal. See Industries, Inc. v. Insurance Co., 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979). Rule 54(b) applies only in cases in which the trial court has entered judgment as to some, but not all, claims or parties. N.C. Gen. Stat. § 1A-1, Rule 54(b) (2007). The trial court's denial of the parties' motions for summary judgment was not a final determination as to any of the parties' various claims. See First Atl. Mgmt. Corp. v. Dunlea Realty Co., 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998). Therefore, the certification was improperly granted and the interlocutory order is not immediately appealable pursuant to the first exception.
The second exception for immediate appeal of an interlocutory order occurs "if delaying the appeal would prejudice a substantial right.'" Liggett, 113 N.C. App. at 23-24, 437 S.E.2d at 677 (citation omitted). "[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds." Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994).
It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.
Id. at 380, 444 S.E.2d at 254 (citations omitted). None of the parties have presented any argument that a substantial right was affected by the trial court's denial of their motions. Therefore, the parties have failed to meet their burden of showing that their appeals have been properly taken. Accordingly, their respective appeals are dismissed.
Dismissed.
Judges MCGEE and HUNTER, ROBERT C. concur.
Report per Rule 30(e).