ANNE P. WORTHINGTON, Plaintiff,
v.
WALTER POOLE REALTY, INC.; WALTER ROY POOLE, JR., Individually; W. ROY POOLE, INC.; SOVEREIGN REAL ESTATE CORPORATION; PINNACLE REAL ESTATE CORPORATION; and WESTPARKE DEVELOPMENT, INC., Defendants.
No. COA08-1390.
Court of Appeals of North Carolina.
Filed September 1, 2009.
This case not for publication
Harvell and Collins, P.A., by Wesley A. Collins, for plaintiff-cross-appellants.
White & Allen, P.A., by E. Wyles Johnson, Jr. and John P. Marshall, for defendant-appellants/cross-appellees.
STEELMAN, Judge.
There being no substantial right based upon either collateral estoppel or the possibility of inconsistent verdicts, the appellant's appeal is dismissed. There being no basis for plaintiff's cross-appeal, it is also dismissed.

I. Factual and Procedural Background
Anne Poole Worthington (plaintiff) and defendants were involved in a series of lawsuits (cases 05 CVS 1376, 06 CVS 729, 06 CVS 1690, and 06 CVS 1693) in Lenoir County, North Carolina. A mediated settlement conference was held which resulted in the parties executing a document styled as "Settlement and Mutual Release in Full of All Claims" (Release) on 11 January 2007. This Release provided for the payment of $1,650,000.00 to plaintiff and her attorneys in settlement of "those matters and things set forth or which could have been set forth and those claims asserted or which could have been asserted" in the four above-referenced civil cases. It also stated that plaintiff does:
hereby release, acquit and forever fully and generally discharge, as of the execution of this Settlement and Mutual Release in Full of All Claims, Walter Roy Poole, Jr. ("Poole"), Walter Poole Realty, Inc., W. Roy Poole, Inc., Sovereign Real Estate Corporation, Pinnacle Real Estate Corporation, and Westparke Development, Inc., (collectively, the "Corporations"), their predecessors and successors in interest, parent entities, subsidiaries, shareholders, directors, officers, employees, representatives and agents from any and all claims, liability, actions, rights or causes of action, demands, damages, consequential damages, judgments, executions, costs, dividends, expenses, compensation, wages, and suits at law or in equity of every kind and nature whatsoever, whether based upon alleged tort, alleged contract or any other legal or equitable theory of recovery, known or unknown, suspected to exist or not suspected to exist, anticipated or not anticipated, we now have or might otherwise have had now or in the future on account of, relating to or arising out of our stock ownership, our employment by, or our position as a director or officer in any of the Corporations or their predecessors in interest hereby released and discharged, and the purchase, sale and transfer of our stock in any of the Corporations or their predecessors in interest hereby released and discharged[.]
On June 2007, plaintiff instituted this action in the Superior Court of Pitt County. The complaint asserted the 11 January 2007 Release and also that there was a prior promissory note (Note) from Walter Poole Realty, Inc. dated 17 June 1998, in the original principal amount of $3,000,000.00, with a balance due in excess of $532,899.00. It was further alleged that a dispute had arisen between the parties as to whether the Release discharged the 17 June 1998 Note. Plaintiff's complaint asserted the following claims: (1) for a declaratory judgment that the Release did not discharge the Note; (2) for the balance due on the Note; (3) for unfair and deceptive trade practices (Chapter 75); (4) breach of contract for failure to make payment under the Note; and (5) for tortious breach of contract. Defendants filed an answer on 10 September 2007, denying the material allegations of the complaint.
On 11 June 2008, defendants filed a motion for summary judgment. By order dated 3 July 2008, the trial court granted the motion for summary judgment as to defendants Sovereign Real Estate Corporation (Sovereign), Pinnacle Real Estate Corporation (Pinnacle) and Westparke Development, Inc. (Westparke) as to all claims. As to the remaining defendants, summary judgment was granted only as to the unfair and deceptive trade practices claim. On 29 July 2008, defendants Walter Poole Realty, Inc., Walter Roy Poole, Jr., and W. Roy Poole, Inc. (collectively referred to as appellants) appealed the denial of their motion for summary judgment as to the remaining claims. On 8 August 2008, plaintiff cross-appealed the granting of summary judgment as to her claim for unfair and deceptive trade practices.

II. Interlocutory Appeal
We must first address plaintiff's motion seeking dismissal of appellants' appeal as interlocutory.
A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal. The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.
Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (citations and quotations omitted).
"`An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.'" Edwards v. GE Lighting Systems, Inc., ___ N.C. App. ___, ___, 668 S.E.2d 114, 116 (2008) (quoting Veazey v. Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). Appealing an interlocutory order is permitted in only two instances: (1) the trial court makes a Rule 54(b) certification and "enter[s] a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment[,]" N.C.R. Civ. P. 54(b), or (2) "`the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.'" Jeffreys, 115 N.C. App. at 379, 444 S.E.2d at 253 (citations omitted). In the instant case, the trial court did not make a Rule 54(b) certification. Our review is thus limited to whether a substantial right is affected.
Appellants acknowledge that their appeal is interlocutory but make two arguments that the denial of a portion of their summary judgment motion affects a substantial right.

A. Collateral Estoppel
The denial of a motion to dismiss or a motion for summary judgment based upon the defense of collateral estoppel may affect a substantial right, permitting appellate review of an interlocutory appeal. Turner v. Hammocks Beach Corp., ___ N.C. App. ___, ___, 664 S.E.2d 634, 638 (2008) (citing McCallum v. N.C. Coop. Extension Serv., 142 N.C. App. 48, 50, 542 S.E.2d 227, 231, disc. review denied, 353 N.C. 452, 548 S.E.2d 527 (2001) and Strates Shows, Inc. v. Amusements of Am., Inc., 184 N.C. App. 455, 646 S.E.2d 418 (2007)) (emphasis added). Turner held that where defendant's motion to dismiss pled a prior final adjudication on the merits as collateral estoppel, the possibility of a result inconsistent with a prior trial court's decision was presented, and a substantial right was affected. Id. at ___, 664 S.E.2d at 638-39.
In the instant case, appellants pled the Release as a bar to plaintiff's claim. In Foster v. Crandell, we held that no substantial right was affected where: "Because defendants rely solely on a settlement agreement with an accompanying dismissal, there is no possibility of a result inconsistent with a prior jury verdict or a prior decision by a judge." 181 N.C. App. 152, 163, 638 S.E.2d 526, 534, disc. review denied, 361 N.C. 567, 650 S.E.2d 602 (2007). Thus, the Release pled by appellants as an affirmative defense cannot be the basis of a substantial right based upon collateral estoppel supporting an interlocutory appeal.
Instead, appellants contend that plaintiffs had a right to appeal the interlocutory order dismissing her claims against Sovereign, Pinnacle and Westparke. Based upon plaintiff's failure to appeal this dismissal, appellants assert that plaintiff is estopped from denying that her claims against the remaining defendants should also be dismissed. Appellants state the basis of this argument to be:
Given that the Trial Court's Order does not state the basis for granting summary judgment as to the Corporations [i.e. Sovereign, Pinnacle and Westparke], it is not inappropriate to assume that the Trial Court's granting summary judgment for the Corporations was the affirmative defense of Release.
We first note that plaintiff was not required to immediately appeal the trial court's dismissal of the claims against Sovereign, Pinnacle and Westparke. Ward v. Wake Cty. Bd. of Educ., 166 N.C. App. 726, 728, 603 S.E.2d 896, 899 (2004) (citations omitted), disc. review denied, 359 N.C. 326, 611 S.E.2d 853 (2005). If the failure of a plaintiff to appeal an interlocutory order can constitute an estoppel, as alleged by appellants, then plaintiffs would have no choice but to give notice of appeal any time that the trial court dismissed fewer than all of the defendants from a case. This is not the law of this state and would lead to innumerable interlocutory appeals and insufferable delays in the trial of civil cases.
Further, as noted above, the Release, which appellants assert to be the ultimate basis of the alleged estoppel, cannot be the basis of a substantial right. Foster, 181 N.C. App. at 163, 638 S.E.2d at 534.
Appellants' estoppel argument is without merit.

B. Possibility of Inconsistent Verdicts
In a connected argument, appellants assert that the dismissal of Sovereign, Pinnacle and Westparke from the lawsuit, without the dismissal of the other defendants, creates the possibility of inconsistent verdicts, which affects a substantial right.
The possibility of inconsistent verdicts can affect a substantial right when the same factual issues are present in both trials, creating the possibility of inconsistent verdicts. State ex rel. Easley v. Rich Food Servs., Inc., 139 N.C. App. 691, 695, 535 S.E.2d 84, 87 (2000) (citation omitted). We must decide whether the claims are based upon the same facts and issues. If that question is answered affirmatively, then we must decide whether waiting until the full trial has taken place will prejudice appellants by exposing them to the possibility of inconsistent verdicts. Stetser v. TAP Pharm. Prods., Inc., 165 N.C. App. 1, 282-9, 598 S.E.2d 570, 589 (2004).
We first look at the five claims set forth in plaintiff's complaint. The analysis of these claims is made more difficult because plaintiff lumped all of the defendants together in her allegations, rather than alleging the specific conduct of the individual defendants. However, the nature of the claims alleged allows us to nonetheless perform the necessary analysis. The first claim is for a declaratory judgment that the Note was not satisfied by the terms of the Release. The second claim is an action on the Note against Walter Poole Realty, Inc. The fourth claim is a claim for breach of contract against Walter Poole Realty, Inc. based upon the Note. Each of these claims seeks to enforce the Note against Walter Poole Realty, Inc. and seeks no affirmative relief from Sovereign, Pinnacle or Westparke. Plaintiff did not seek to set aside the Release, only to have its terms construed. Defendants did not seek to have the Release set aside. Because no relief was sought from Sovereign, Pinnacle or Westparke, there is no possibility of inconsistent verdicts on claims one, two and four.
As to the third claim for unfair and deceptive trade practices, there is no possibility of an inconsistent verdict because the trial court dismissed this claim as to all defendants.
Finally, the fifth claim asserts that "[d]efendants' actions in connection with the breach of the Note were deceptive and fraudulent, and characterized by malice, oppression, insult, rudeness, caprice, and willfulness." The complaint goes on to assert that "[d]efendants' refusal to meet their obligations on the Note was in bad faith . . ." and that plaintiff has been damaged by defendants' breach of the Note. The parties to the Note were plaintiff and Walter Poole Realty, Inc. Any breach of the terms and conditions of the Note, whether tortious or non-tortious, could only have been done by Walter Poole Realty, Inc. Plaintiff's complaint does not affirmatively assert a conspiracy among defendants, nor does it assert a claim for tortious interference with a contract. The complaint does not allege that defendants are anything other than separate legal entities. Because claim five can only be construed as seeking relief from Walter Poole Realty, Inc. and not from Sovereign, Pinnacle or Westparke, there is no possibility of inconsistent verdicts on claim five.
Appellants' assertion that the dismissal of the claims against Sovereign, Pinnacle and Westparke had to be based upon the Release is without merit. The nature of the claims asserted by plaintiff reveals no basis for claims against Sovereign, Pinnacle and Westparke. Based upon this, there cannot be common facts and issues with the claims against the appellants, and no possibility of inconsistent verdicts. There is thus no substantial right that would support an immediate appellate review of the trial court's denial of summary judgment as to appellants.
Appellants' appeal must be dismissed.

III. Plaintiff's Cross-Appeal
Plaintiff contends that her cross-appeal is properly before this Court because "[a] Summary Judgment granting the dismissal of a cause of action, such as the Unfair and Deceptive Trade Practices claim, is a final judgment of the Court under N.C.R. Civ. P. 54(b)."
Rule 54(b) of the North Carolina Rules of Civil Procedures states:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment.

N.C.R. Civ. P. 54(b) (2007) (emphasis added). The trial court's order contains no Rule 54(b) certification; therefore, plaintiff's basis for her cross-appeal is incorrect and unfounded.
This argument is without merit.
Both plaintiff and defendants have failed to argue their remaining assignments of error in their briefs, and they are thus deemed abandoned pursuant to Rule 28(b)(6) of the Rules of Appellate Procedure. N.C.R. App. P. 28(b)(6).
DISMISSED.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).