An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-516

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014


ROBERT CARPENTER and TAMMY
CARPENTER, Individually and TAMMY
CARPENTER as Administrator of the
Estate of MONIQUE L. CARPENTER,
          Plaintiffs,

     v.                                    Guilford County
                                           No. 10 CVS 10123
WILLIE McKINNEY, Individually and
jointly and severally with WINDHAM
HEATING AND AIR CONDITIONING,
INC., Individually and jointly and
severally with OLD REPUBLIC HOME
PROTECTION COMPANY, INC.,
Individually and jointly and
severally with PAUL EDWARD
WINDHAM, Individually and D/B/A
WINDHAM HEATING & AIR,
          Defendants.



     Appeal by plaintiffs from order entered 24 January 2013 by

Judge John O. Craig, III in Guilford County Superior Court.

Heard in the Court of Appeals 23 September 2013.


     *Roderick T. McIver for plaintiffs-appellants.*

     *Moore & Van Allen PLLC, by Joshua D. Lanning and Melinda L.
     Vervais, for defendant-appellee Old Republic Home
     Protection Company, Inc.*


     GEER, Judge.

Plaintiffs Robert and Tammy Carpenter, individually, and Tammy Carpenter as administrator of the Estate of Monique L. Carpenter, appeal from the trial court's order granting defendant Old Republic Home Protection Company, Inc.'s ("Old Republic") motion for summary judgment. Because the summary judgment order is interlocutory and the record contains neither a certification under Rule 54(b) of the Rules of Civil Procedure nor any indication that a substantial right will be lost in the absence of an immediate appeal, we dismiss plaintiffs' appeal.

## Facts

On 14 November 2008, Monique Carpenter and Darryl Gregory died from carbon monoxide poisoning resulting from defects in the heating and ventilation system in Mr. Gregory's home. Mr. Gregory leased the home from Willie McKinney who had a home warranty contract with Old Republic. Several weeks prior to 14 November 2008, Mr. McKinney filed a warranty claim with Old Republic regarding the malfunctioning heating and ventilation system. On 12 November 2008, Old Republic sent its authorized service provider, contractor Paul Edgar Windham, doing business as Windham Heating & Air, to inspect the air conditioner and furnace at Mr. Gregory's residence. Although Mr. Windham noted defects with the furnace, he did not make any repairs or replacements.

On 21 September 2010, plaintiffs filed suit (1) against Mr. McKinney alleging negligent failure to maintain the leased premises in a safe and habitable manner and negligent repair; (2) against Mr. Windham alleging professional negligence, unfair and deceptive practices, and punitive damages; and (3) against Old Republic alleging negligent retention of Mr. Windham, unfair and deceptive practices, and punitive damages.

Defendant Old Republic filed a motion for summary judgment on 21 December 2012. The trial court entered an order on 24 January 2013 granting the motion for summary judgment and dismissing all of plaintiffs' claims against Old Republic. Plaintiffs appealed the summary judgment order to this Court.

## Discussion

Initially, we must address whether this court has jurisdiction to hear this appeal. The summary judgment order resolved only plaintiffs' claims against one defendant, Old Republic. Based on the record filed in this Court, it appears that plaintiffs' claims against defendants Willie McKinney, Paul Edward Windham, and Windham Heating & Air are still pending. The order, therefore, is interlocutory. *See Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for

further action by the trial court in order to settle and determine the entire controversy.").

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, an interlocutory order "is immediately appealable if (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed." *Myers v. Mutton*, 155 N.C. App. 213, 215, 574 S.E.2d 73, 75 (2002). "[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal[.]" *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994).

Rule 28(b)(4) of the Rules of Appellate Procedure requires the appellant's brief to contain a "statement of the grounds for appellate review" and "[w]hen an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." Plaintiffs' statement of the grounds for appellate review simply states:

> Plaintiff's [sic] appeal is from the Order of the Superior Court that granted

> Defendant's Motion for Summary Judgment, and affects a substantial right from which appeal might be taken, pursuant to N.C.G.S.§7A-27(d)(1)and (2) [sic].

Thus, plaintiffs implicitly acknowledge that the appeal is interlocutory. The summary judgment order does not include a Rule 54(b) certification and, therefore, the only possible basis for jurisdiction is, as plaintiffs have stated, the existence of a substantial right that would be lost absent immediate review. Plaintiffs do not, however, set forth any facts or provide any argument as to why the order affects a substantial right.

It is well established that "[i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order[.]" *Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254. Instead, "[w]here the appellant fails to carry the burden of making . . . a showing to the court [that appellate jurisdiction exists], the appeal will be dismissed." *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005). *Accord Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254 (holding appellant failed to satisfy burden and dismissing appeal where "[appellant] presented neither argument nor citation to show this Court that [appellant] had the right to appeal the order dismissing its counterclaims"). Accordingly, this appeal is dismissed.

Dismissed.

Chief Judge MARTIN and Judge STROUD concur.

Report per Rule 30(e).