*170
 
 BERGER, Judge.
 

 *279
 
 This appeal originated in a dispute over land on which an advertising billboard had been built. Douglas and Ginger Rink, Rink Media, LLC, and The Rink Group, Inc. (collectively "Defendants") appeal from two orders ruling on motions for summary judgment.
 

 *280
 
 The first order, which was entered on April 1, 2016 by Judge Anna Wagoner ("April 1 Order"), partially granted and partially denied Defendants' motion for summary judgment. James and Joan Gardner's (collectively "Plaintiffs") unjust enrichment claim was dismissed, but Defendants' motion was otherwise denied because the trial court found genuine issues of material fact that precluded summary judgment on Plaintiffs' motion to set aside a lease on the land that is the subject of this dispute.
 

 The second order, which was entered on April 26, 2016 by Judge Robert C. Ervin ("April 26 Order"), granted Plaintiffs' motion for summary judgment. Plaintiffs' motion to set aside the lease was granted, the lease was declared void, and Defendants' counterclaims for adverse possession, abuse of process, and unfair and deceptive trade practices were dismissed.
 

 For the reasons set out below, we must vacate the April 26 Order, and dismiss the remainder of the appeal as interlocutory.
 

 Factual & Procedural Background
 

 Charles and Mark Alexander (collectively "Sellers") jointly owned 12.7 acres located in Denver, North Carolina (the "Property"). Charles Alexander partnered with Douglas Rink to develop and rezone the Property. In November 2002, Sellers and Douglas Rink made plans for Douglas Rink and his wife, Ginger, to buy the Property.
 

 Prior to his purchase of the land, Douglas Rink made plans to build an advertising billboard on Sellers' Property. Before acquiring any ownership interest in the Property, Douglas and Ginger Rink entered into a ground lease agreement ("Lease") with The Rink Group, Inc., an entity owned and operated by Douglas and Ginger Rink. The Lease was recorded on May 14, 2003.
 

 The Rink Group, Inc. was eventually dissolved, and Douglas and Ginger Rink formed Rink Media, LLC to manage and operate the billboard that had been built on the Property. Douglas and Ginger Rink did not acquire any ownership interest in the Property until March 26, 2003, when they purchased the Property from Sellers in a seller-financed transaction.
 

 Douglas and Ginger Rink defaulted on their payments to Sellers. They therefore conveyed the property back to Sellers by general warranty deed on February 11, 2004. The deed made no reference to or reservation for the Lease. The Sellers then sold the Property to Plaintiffs on October 26, 2004. However, Rink Media, LLC continued to operate the billboard even after Plaintiffs purchased the Property.
 

 *281
 
 On May 9, 2013, Plaintiffs filed their initial complaint against Douglas and Ginger Rink, and The Rink Group, Inc. for breach of contract and unjust enrichment, and also included a motion to set aside the Lease. The complaint was later amended to include all Defendants. Defendants filed a motion to dismiss all claims pursuant to Rule 12 of the North Carolina Rules of Civil Procedure. This motion was granted as to Plaintiffs' breach of contract claim, but denied for the two remaining claims.
 

 On March 17, 2016, Defendants filed a motion for summary judgment seeking dismissal of Plaintiffs' claim of unjust enrichment and their motion to set aside the Lease, as well as a ruling in favor of Defendants' counterclaims. In the April 1 Order, the trial court granted Defendants' motion dismissing Plaintiffs' claim of unjust enrichment, but denied Plaintiffs' motion to set aside the Lease.
 

 Subsequent to Defendant's March 17 motion, but prior to the April 1 Order, Plaintiffs had filed a separate motion for summary judgment on March 23, 2016 seeking to set aside the Lease and dismiss Defendants' counterclaims.
 

 Defendants timely appeal both the April 1 Order and the April 26 Order.
 

 *171
 

 Analysis
 

 The trial court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015). "The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact."
 
 Austin Maint. & Constr., Inc. v. Crowder Constr. Co.
 
 ,
 
 224 N.C.App. 401
 
 , 407,
 
 742 S.E.2d 535
 
 , 540 (2012) (citation and quotation marks omitted). "A genuine issue of material fact arises when the facts alleged ... are of such nature as to affect the result of the action."
 
 Id
 
 . (citation and quotation marks omitted). If the moving party is the defendant, and he or she has made the required showing of no genuine fact issue, the burden shifts to the plaintiff to "produce a forecast of evidence demonstrating specific facts," opposed to mere allegations, by which he or she can "establish a
 
 prima facie
 
 case at trial."
 
 Id
 
 . at 407,
 
 742 S.E.2d at 540
 
 (citation and quotation marks omitted). An appeal of a trial court's decision to grant summary judgment is reviewed
 
 de novo
 
 .
 
 Id
 
 . at 408,
 
 742 S.E.2d at 541
 
 .
 

 *282
 
 Defendants argue that the trial court erred in the portion of the April 26 Order that granted Plaintiffs' summary judgment motion relating to their claim setting aside the Lease. However, a separate trial court had previously ruled on this same issue in the April 1 Order. Therefore, the relationship between the two trial court's rulings on summary judgment motions must be addressed because it is a jurisdictional issue, and therefore "can be raised at any time, even for the first time on appeal and even by a court
 
 sua sponte
 
 ."
 
 Cail v. Cerwin
 
 ,
 
 185 N.C.App. 176
 
 , 181,
 
 648 S.E.2d 510
 
 , 514 (2007),
 
 disc. review denied
 
 ,
 
 365 N.C. 75
 
 ,
 
 705 S.E.2d 743
 
 (2011) (citation and quotation marks omitted).
 

 It is well-established that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.
 

 Id
 
 . (citation and quotation marks omitted). "[W]here one judge denies a motion for summary judgment, another judge may not reconsider ... and grant summary judgment on that same issue."
 
 Id
 
 . at 182,
 
 648 S.E.2d at 515
 
 (citation and quotation marks omitted). A second motion will be appropriate only if different legal issues are presented than those raised by an earlier motion.
 
 Id
 
 . at 182,
 
 648 S.E.2d at 514
 
 . "[I]t is immaterial whether a different party brings the second motion for summary judgment."
 
 Id
 
 . (citation omitted).
 

 Here, the first trial court to address a motion for summary judgment granted Defendants' motion as to Plaintiffs' unjust enrichment claim in the April 1 Order. The trial court further ruled in that same order that there were genuine issues of material fact relating to Plaintiffs' motion to set aside the Lease, and therefore denied their motion on this issue. The second trial court to address a summary judgment motion in this case subsequently granted Plaintiffs' motion for summary judgment in the April 26 Order. This second order set aside the Lease declaring it void, and dismissed each of Defendants' counterclaims. The first trial court's ruling denying summary judgment on the legal issue of setting aside the Lease precluded the second trial court from later overruling its decision by granting summary judgment.
 

 Plaintiffs contend that by supporting their motion to set aside the Lease with different arguments allowed the second trial court to rule on their motion. However, "the presentation of a new legal issue is distinguishable from the presentation of additional evidence, and only
 
 *283
 
 when the legal issues differ between the first motion for summary judgment and a subsequent motion may a trial court hear and rule on the subsequent motion."
 
 Id
 
 . at 184,
 
 648 S.E.2d at 516
 
 (citations, quotation marks, and brackets omitted). Both parties moved for summary judgment on the same legal issue; it is irrelevant whether new evidence was introduced. Therefore, the April 26 Order granting Plaintiffs' motion for summary judgment as to their motion to set aside the Lease was entered in error and must be vacated, leaving
 
 *172
 
 the first trial court's order denying Defendant's motion operative.
 

 "[T]he denial of a motion for summary judgment is interlocutory and not immediately appealable unless it affects a substantial right."
 
 Id
 
 . at 185,
 
 648 S.E.2d at 517
 
 (citation, quotation marks, and brackets omitted). Here, as appellants, Defendants failed to argue any substantial right affected by the denial of their motion. This Court has previously held that
 

 [i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.
 

 Jeffreys v. Raleigh Oaks Joint Venture
 
 ,
 
 115 N.C.App. 377
 
 , 380,
 
 444 S.E.2d 252
 
 , 254 (1994) (citations omitted). Because the portion of the April 26 Order granting summary judgment to Plaintiffs must be vacated, the April 1 Order denying summary judgment determines this issue. As the denial of summary judgment is interlocutory, and Defendants failed to argue that this order affects any substantial right, we will not address the remainder of the appeal and dismiss.
 

 Conclusion
 

 Because the trial court's April 26 Order improperly overruled a prior trial court's April 1 Order, the April 26 Order granting summary judgment as to Plaintiffs' motion to set aside the Lease and declaring the Lease void must be vacated, and the April 1 Order's denial of Defendants' motion is, therefore, operative. Consequently, because an appeal of the denial of a summary judgment motion is interlocutory, we must dismiss the remainder of the appeal.
 

 VACATED IN PART, AND DISMISSED IN PART.
 

 Judges CALABRIA and HUNTER, JR. concur.