An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-1070

Filed 17 June 2026

Guilford County, No. 25CV001440-400

Z.B., a minor child; REMUS BROWN; and PAULINE HERBIN, Plaintiffs,

v.

TRIAD MATH AND SCIENCE ACADEMY COMPANY; FATIH KANDIL; MASARU HARRIS; and FRANK FULLER, Defendants.

Appeal by plaintiffs from order entered 24 June 2025 by Judge William A. Wood, II, in Guilford County Superior Court. Heard in the Court of Appeals 20 May 2026.

*The Law Offices of Peter D. Isakoff, by Peter D. Isakoff, for plaintiffs-appellants.*

*Hartzog Law Group, LLP, by Katie Weaver Hartzog and Madelyn H. Bruckel, for defendants-appellees.*

FLOOD, Judge.

Plaintiffs Z.B.,[1] Remus Brown, and Pauline Herbin appeal from an order dismissing their complaint for failure to state a claim upon which relief may be granted against Defendants Triad Math and Science Academy Company ("TMSA"),

---

[1] In accordance with N.C. R. App. P. 42 (2025), we use initials, rather than the minor child's name, to protect the identity of the minor child.

Z.B. v. Triad Math & Sci. Acad. Co.

*Opinion of the Court*

Fatih Kandil, and Masaru Harris. After careful review, we dismiss Plaintiffs' appeal as interlocutory as claims remain pending against Defendant Frank Fuller, another party to the original case.

## I. **Factual and Procedural Background**

Located in Greensboro, North Carolina, Defendant TMSA is a public charter school focusing on a Science, Technology, Engineering, the Arts, and Math (STEAM) curriculum. In March of 2022, Defendant TMSA hired Defendant Fuller as a substitute teacher for Z.B.'s primary Specifically Designed Instruction math teacher.

On 21 March 2022, Z.B., who was in eighth grade at the time, and two other students reported that Defendant Fuller had made inappropriate comments. Later that same day, Defendant TMSA launched an investigation into Z.B.'s allegations and informed her father about the matter. As part of TMSA's investigation, Defendant Kandil, the principal of TMSA, and Defendant Harris, the assistant principal of TMSA, interviewed Z.B., the two other students, and Defendant Fuller. After their interviews, Defendant Kandil and Defendant Harris informed Defendant Fuller that Z.B. would be removed from his caseload and warned him to be more cautious and "sensitive" about his interactions with the middle school students.

Two days later, on 23 March 2022, Z.B. was given in-school suspension for an altercation between her and another student in the school cafeteria. On the second day of her in-school suspension, Z.B. was involved in another altercation with a different student. As a result of the second altercation, Z.B. was suspended for ten

days.

Plaintiffs subsequently commenced this action by filing a complaint on 17 January 2025. In their complaint, Plaintiffs asserted claims against Defendants TMSA, Kandil, Harris, and Fuller for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of fiduciary duty, and violations of various sections of Chapter 115C of the North Carolina General Statutes. Plaintiffs alleged that, "[w]hile [the] investigation was pending, [TMSA] decided to put Z.B. back in the classroom with Mr. Fuller, a teacher who had just been made aware by his employer that she had reported him for sexual impropriety[,]" and that decision "proximately injured minor student Z.B." Plaintiffs also claimed that "[t]he subsequent discipline of Z.B. constitutes inappropriate retaliation for Z.B. reporting Mr. Fuller's misconduct to [the] school administration." In addition to the reported behavior, Plaintiffs alleged that "Fuller repeatedly and continuously made sexually-charged and inappropriate comments to Z.B., and otherwise took actions contrary to" Z.B.'s well-being. Specifically, Plaintiffs alleged that Fuller told Z.B. that "she looked 'mature' and 'overly-developed for her age,'" and "touched Z.B. in ways that made her feel uncomfortable and that she reasonably interpreted to be sexually-oriented."

On 11 April 2025, counsel for Defendants TMSA, Kandil, and Harris moved to dismiss Plaintiffs' complaint as to them pursuant to Rule 12(b)(6). After a hearing on 2 June 2025, the trial court entered an order dismissing Plaintiffs' complaint "as to Defendants Triad Math and Science Academy Company, Fatih Kandil, and Mas[a]ru

Z.B. v. Triad Math & Sci. Acad. Co.

*Opinion of the Court*

Harris." Plaintiffs timely filed their notice of appeal.

## II. **Jurisdiction**

Although the parties do not raise the issue, we must first determine whether this Court has jurisdiction to hear Plaintiffs' appeal from an interlocutory order. *See Bailey v. Gooding*, 301 N.C. 205, 208 (1980) ("[I]f an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves.").

"An order which does not dispose of all claims as to all parties in an action is interlocutory." *Signature Dev., LLC v. Sandler Com. at Union, L.L.C.*, 207 N.C. App. 576, 580 (2010); *see also Howard v. Oakwood Homes Corp.*, 134 N.C. App. 116, 118 (1999) ("Where a trial court's order . . . fails to resolve all issues between *all parties* in an action, the order is . . . interlocutory." (emphasis added)). An interlocutory order is generally not immediately appealable. *Veazey v. City of Durham*, 231 N.C. 357, 362 (1950).

There are two instances, however, where a party may appeal from an interlocutory order. First, a party may appeal from an "interlocutory order when the trial court enters 'a final judgment as to one or more but fewer than all of the claims or parties' and . . . certifies in the judgment that there is no just reason to delay the appeal." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379 (1994) (first quoting N.C. R. Civ. P. 54(b); and then citing *Liggett Grp., Inc. v. Sunas*, 113 N.C. App. 19, 23 (1993)). "When an appeal is from an order that is final as to one party,

but not all, and the trial court has certified the matter under Rule 54(b), this Court must review the issue." *Signature*, 207 N.C. App. at 581. Second, "[a]bsent a Rule 54(b) certification, an interlocutory order may be reviewed if it will injuriously affect a substantial right unless corrected before entry of a final judgment." *Hamby v. Profile Prods., L.L.C.*, 361 N.C. 630, 634 (2007). "Under either of these two circumstances, [however,] it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds." *Jeffreys*, 115 N.C. App. at 379.

Here, the trial court's order dismissing Plaintiffs' complaint as to Defendants TMSA, Kandil, and Harris, but not as to Defendant Fuller, is interlocutory, *see Signature*, 207 N.C. App. at 580, and is not reviewable unless the trial court certified the order pursuant to Rule 54(b) or if "the order deprives [Plaintiffs] of a substantial right which would be jeopardized absent a review prior to a final determination on the merits[,]" *see Jeffreys*, 115 N.C. App. at 379 (citation omitted). Review under Rule 54(b) was foreclosed, however, because the trial court did not certify the order pursuant to Rule 54(b). *See Signature*, 207 N.C. App. at 581; *see also Hoots v. Pryor*, 106 N.C. App. 397, 401 (1992) ("[D]ismissal of [the] defendants upon their Rule 12(b)(6) motions operates as a final judgment as to the cause of action against them but there is no certification in the dismissal order as to delay as required by Rule 54(b), thus there is no right of appeal under Rule 54(b)."). Further, although the trial court's order dismissing Plaintiffs' complaint as to Defendants TMSA, Kandil, and

Harris is a final judgment as to those defendants, *see Hoots*, 106 N.C. App. at 401, Plaintiffs incorrectly state that the order is a "final judgment" that this Court may review "pursuant to N.C.[G.S.] § 7A-27(b)." Indeed, Plaintiffs failed to address the interlocutory nature of their appeal, let alone show how a substantial right "would be jeopardized absent a review prior to a final determination on the merits." *See Jeffreys*, 115 N.C. App. at 380. As such, Plaintiffs have failed to "present appropriate grounds for this Court's acceptance of an interlocutory appeal" and we therefore dismiss Plaintiffs' appeal as interlocutory. *See id.* at 379.

### III. <u>Conclusion</u>

In conclusion, because Plaintiffs neither acknowledged the interlocutory nature of their appeal nor carried their burden of presenting appropriate grounds for this Court's acceptance of an appeal from an interlocutory order, we dismiss Plaintiffs' appeal as interlocutory.

DISMISSED.

Judges COLLINS and WOOD concur.

Report per Rule 30(e).