SARAH CAUTHEN, PETITIONER-APPELLEE v. N.C. DEPARTMENT OF HUMAN RESOURCES, CASHWELL CENTER, RESPONDENT-APPELLANT

No. 928SC1011

(Filed 5 October 1993)

**Public Officers and Employees § 42 (NCI4th)— temporary and permanent positions equalling 12½ months—tacking not allowed—petitioner not permanent State employee**

Petitioner did not become a permanent State employee by virtue of tacking her six-month and three-month temporary appointments to her three and one-half month permanent position, and petitioner therefore had no right to appeal her dismissal. N.C.G.S. § 126-39.

**Am Jur 2d, Civil Service § 13 et seq.**

Appeal by respondent from order entered 6 July 1992 by Judge Ernest B. Fullwood in Lenoir County Superior Court. Heard in the Court of Appeals 17 September 1993.

Respondent appeals from the trial court's 6 July 1992 order which reversed the State Personnel Commission's "Decision and Order" of 21 February 1992. In its 21 February 1992 "Decision and Order," the State Personnel Commission concluded as follows:

> Prior to the termination of her employment with the Respondent, the Petitioner had been employed by the Respondent for the immediate 12 ½ months preceding the dismissal in three paygrade 56 positions as Health Care Technician I or Developmental Technician I. Petitioner was employed for six months in a temporary full-time appointment. Following the termination of that temporary appointment she was rehired for three months in a temporary full-time appointment and upon the termination of that temporary appointment she was hired and worked for three and one-half months in a permanent part-time position. Petitioner's conduct on March 3, 1990 constituted just cause for dismissal. The Petitioner was not a "permanent State employee" as defined in N.C.G.S. 126-39 and therefore did not have a right to appeal her dismissal from employment.

> The State Personnel Commission hereby orders that Petitioner's appeal be dismissed for lack of subject matter jurisdiction.

In reversing the State Personnel Commission's decision and order, *supra*, the trial court concluded that the State Personnel Commission's decision and order was "erroneous as a matter of law" and held that petitioner was a permanent State employee. The trial court ordered that respondent reinstate petitioner, award "full back benefits," and pay attorney's fees. Respondent appeals.

*Eastern North Carolina Legal Services, Inc., by Wesley Abney, for petitioner-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Diane Martin Pomper, for respondent-appellant.*

EAGLES, Judge.

Respondent brings forward two assignments of error. After a careful review of the briefs, transcript, and record, we reverse.

I.

In its first assignment of error, respondent argues that "[t]he trial court erred in its determination that petitioner was a permanent employee with the right to appeal her dismissal." We agree.

In *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 353-54 (1990), *disc. rev. denied*, 328 N.C. 98, 402 S.E.2d 430 (1991), this Court stated:

> This court's review of a trial court's consideration of a final agency decision is to determine whether the trial court failed to properly apply the review standard articulated in N.C. Gen. Stat. § 150B-51. *In re Kozy*, 91 N.C. App. 342, 371 S.E.2d 778 (1988), *disc. review denied*, 323 N.C. 704, 377 S.E.2d 225 (1989). Our review is further limited to the exceptions and assignments of error set forth to the order of the superior court. *Watson v. N.C. Real Estate Commission*, 87 N.C. App. 637, 362 S.E.2d 294 (1987), *cert. denied*, 321 N.C. 746, 365 S.E.2d 296 (1988).

> An agency decision may be reversed or modified by the reviewing court if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

> (4) Affected by other error of law;

> (5) Unsupported by substantial evidence . . . in view of the entire record as submitted; or

> (6) Arbitrary or capricious.

N.C. Gen. Stat. § 150B-51 (b) (1985). The proper standard to be applied depends on the issues presented on appeal. If it is alleged that an agency's decision was based on an error of law then a *de novo* review is required. *Brooks, Com'r of Labor v. Rebarco, Inc.*, 91 N.C. App. 459, 372 S.E.2d 342 (1988).
. . .

> Having set out the proper standard of review, we now determine whether the trial court correctly applied it.

Permanent State employees have the right to appeal adverse decisions to the State Personnel Commission: those serving under temporary appointments do not have the right to appeal adverse decisions. G.S. 126-35(a) (effective until July 1, 1993) ("No permanent

employee subject to the State Personnel Act shall be discharged
. . . for disciplinary reasons, except for just cause. . . . The employee
. . . may appeal to the State Personnel Commission. . . . The
State Personnel Commission may adopt, subject to the approval
of the Governor, rules that define just cause"); G.S. 126-39 (effective
until July 1, 1993) (defining the term "permanent State employee").

The trial court, in reversing the State Personnel Commission,
found that petitioner was a permanent State employee. The term
"permanent State employee" is defined *inter alia* as a person "in
a grade 60 or lower position who has been *continuously employed*
by the State of North Carolina for the immediate 12 preceding
months." G.S. 126-39(1) (effective until July 1, 1993) (emphasis add-
ed). Here, petitioner's employment terminated and restarted twice
in a 12 month period. During this time, petitioner held two separate
temporary appointments: the first temporary appointment was for
six months (1 March 1989 through 31 August 1989) and the second
temporary appointment was for three months (1 September 1989
through 30 November 1989). The parties stipulated to the two
temporary appointments and to their duration. We note that at
the beginning of her first temporary appointment, petitioner re-
ceived a letter from respondent (petitioner's exhibit 1) stating that
"[s]ince your appointment is temporary, you are not eligible for
the benefits made available to permanent employees." Immediately
after the end of the second temporary appointment, petitioner began
work in a permanent part-time position as a Developmental Techni-
cian I (Grade 56) effective 1 December 1989. She worked in this
position until 15 March 1990, the date of her dismissal. Petitioner
argues that she can tack her two temporary appointments so as
to amount to a cumulative nine month period to be added to her
three and one-half months of service in her permanent position
and thereby achieve the 12 months of continuous employment
necessary to be considered a permanent State employee under
G.S. 126-39(1).

"Where an issue of statutory interpretation arises, the con-
struction adopted by those who execute and administer the law
in question is highly relevant." *State v. Tew*, 326 N.C. 732, 739,
392 S.E.2d 603, 607 (1990) (citations omitted). *See* G.S. 126-4. We
find that the State Personnel Commission's interpretation of G.S.
126-39 is correct and that the trial court erred. Under the North
Carolina Administrative Code, "[a] temporary appointment is an
appointment for a limited term, normally not to exceed three to

CAUTHEN v. N.C. DEPT. OF HUMAN RESOURCES

[112 N.C. App. 238 (1993)]

six months, to a permanent or temporary position. When sufficiently justified, a longer period of time may be requested; but in no case shall the temporary employment period exceed 12 consecutive months." N.C. Admin. Code title 25, 01C.0405. We note that permanent State employees receive several benefits which temporary employees are not entitled to receive. See N.C. Admin. Code title 25 01E.0203 (vacation leave); N.C. Admin. Code title 25, 01E.0301 (sick leave); N.C. Admin. Code title 25, 01E.0804 (military leave); N.C. Admin. Code title 25, 01E.0908 (paid holidays). When all of these provisions of the Code are considered together with G.S. 126-39 and G.S. 126-35, it is clear that temporary employees do not have the same benefits as permanent employees; indeed, under the express language used in the Code, a temporary employment period cannot "exceed 12 consecutive months." N.C. Admin. Code title 25, 01C.0405. To hold that petitioner became a permanent State employee by virtue of tacking her two temporary appointments to her three and one-half month permanent position would in effect establish a quasi-tenure system in temporary employment which neither the General Assembly nor the State Personnel Commission intended. We decline to adopt this interpretation. Accordingly, we reverse the trial court.

In its second assignment of error, respondent contends that "[t]he trial court erred in finding that there was not substantial evidence in the record to support just cause for the dismissal." Given our disposition of the first issue, supra, we need not address this assignment of error.

For the reasons stated, the trial court's 6 July 1992 order is reversed. We remand the cause to the trial court for entry of an order vacating that order, and entering in lieu thereof an order affirming the decision of the State Personnel Commission dismissing petitioner's appeal for lack of subject matter jurisdiction.

Reversed and remanded.

Judges ORR and GREENE concur.