DILLON, Judge.
This case was commenced in 2005 and has been on appeal before this Court twice previously. See Sanders v. State Personnel Comm’n, 183 N.C. App. 15, 644 S.E.2d 10 ("Sanders I"), disc. review denied, 361 N.C. 696, 652 S.E.2d 653 (2007); and Sanders v. State Personnel Comm’n, 197 N.C. App. 314, 677 S.E.2d 182 (2009) ("Sanders II"), disc. review denied, 363 N.C. 806, 691 S.E.2d 19 (2010).
In the present appeal, Plaintiffs Lula Sanders, et al. (“Plaintiffs”) challenge the trial court’s order denying their motion for partial summary judgment and granting summary judgment in favor of Defendants State Personnel Commission, et al. (“Defendants”). Defendants, on the other hand, have filed a cross-appeal, challenging the trial court’s award of costs, including attorneys’ fees, in Plaintiffs’ favor. For the following reasons, we affirm the trial court’s order denying Plaintiffs’ motion for-partial summary judgment and granting Defendants’ motion for summary judgment, and we affirm in part and dismiss in part the issues raised in Defendants’ cross-appeal.
*96 I. Factual & Procedural Background
Pursuant to its authority under the State Personnel Act, N.C. Gen. Stat. § 126-4 (2013), the State Personnel Commission (the “Commission”) has promulgated regulations establishing various types of appointments through which an individual may gain employment with the State of North Carolina. See 25 N.C.A.C. 1C.0400, et seq. For example, some individuals are hired as permanent employees with the State through a permanent appointment, see 26 N.C.A.C. 1C.0402, and others are hired as temporary employees through a temporary appointment, see 25 N.C.A.C. 1C.0405.
There áre two differences between temporary employees and permanent employees which are relevant to this case. First, while under the regulations the period of employment for a permanent employee is indefinite, the regulations stipulate that a person may not be employed as a temporary employee for a period “exceed[ing] 12 consecutive months” (hereinafter, the “Twelve-Month Rule”). 25 N.C.A.C. lC.0405(a). The second difference is that temporary employees are not eligible to receive certain benefits available to permanent employees, such as leave time, state service credit, health benefits, retirement credit, severance pay, or priority reemployment consideration. 25 N.C.A.C. lC.0405(b).
Each Plaintiff was employed by the State of North Carolina as a temporary employee for a period exceeding twelve consecutive months, in violation of the Twelve-Month Rule. Plaintiffs commenced this action, alleging that because they had been employed as temporary employees for more than twelve consecutive months - in violation of the TwelveMonth Rule - they were entitled to the “rights, compensation, benefits, and status” of permanent employees. Plaintiffs alleged claims for (1) violations of the North Carolina Administrative Code; (2) violations of the North Carolina Constitution; and (3) breach of contract. Based on these claims, Plaintiffs prayed for relief in the form of monetary damages and costs, including attorneys’ fees, in addition to declaratory relief. Plaintiffs also sought class certification for inclusion of all similarly-situated individuals, i.e., those who had been employed by the State as temporary employees for more than twelve consecutive months.
Defendants responded by moving to dismiss Plaintiffs’ claims for lack of personal jurisdiction pursuant to N.C. R. Civ. P. 12(b)(2) on grounds of Defendants’ sovereign immunity, and pursuant to N.C. R. Civ. P. 12(b)(6) for failure to state a claim for which relief could be granted. In Sanders I, we affirmed the trial court’s Rule 12(b)(2) dismissal of Plaintiffs’ claim based on violations of the North Carolina Administrative *97 Code. 183 N.C. App. at 24, 644 S.E.2d at 16. In Sanders II, we affirmed the trial court’s Rule 12(b)(6) dismissal of Plaintiffs’ constitutional claims; however, we reversed the trial court’s dismissal of Plaintiffs’ breach of contract claim and remanded the matter “for a declaratory judgment, to declare plaintiffs’ status and rights pursuant to the Uniform Declaratory Judgment Act.” 197 N.C. App. at 323, 677 S.E.2d at 189. In analyzing Plaintiffs’ breach of contract claim, we determined that the TwelveMonth Rule and the other “relevant regulations of the [Commission] ” are part of Plaintiffs’ employment contracts with Defendants, id. at 320-21, 677 S.E.2d at 187, noting as follows:
There is an agreement between the parties whose term is known and agreed. What is unknown is what are the legal relationships and status of the parties when the contract continues in effect after the expiration of the agreed upon terms.
Id. Accordingly, we instructed the trial court on remand to determine the legal relationship between the parties, including the precise terms of Plaintiffs’ employment with Defendants as of the “twelve month and one day mark and beyond.” Id. at 323, 677 S.E.2d at 188.
On remand from Sanders II, the parties engaged in extensive discovery regarding Plaintiffs’ breach of contract claim, after which Plaintiffs filed motions seeking partial summary judgment on this claim; a declaratory judgment construing their rights under the contract pursuant to N.C. Gen. Stat. § 1-253; and class action certification. Defendants likewise moved for summary judgment with respect to Plaintiffs’ breach of contract claim.
Following a hearing on these matters, the trial court entered an order on 18 December 2012 granting relief to both Plaintiffs and Defendants. Specifically, the trial court declared that Plaintiffs’ status as temporary employees did not convert to that of permanent employees after twelve months and that they were entitled only to the wages for which they had bargained and already received for the period that they had worked as temporary employees beyond the permissible twelve-month period. Accordingly, the trial court granted Defendants’ motion for summary judgment on Plaintiffs’ breach of contract claim and denied Plaintiffs’ motions for partial summary judgment and for class certification.
The trial court, however, also granted Plaintiffs certain relief; namely, the court enjoined Defendants from future violations of the Twelve-Month Rule; it directed the State Personnel Director and the Office of State Personnel to present to the trial court “a *98 comprehensive plan [hereinafter, the “Comprehensive Plan”] to assure full compliance with the mandates of North Carolina General Statutes 126-3(b)(8) and (9)[;]” and it taxed Defendants “with the costs of this action, including attorney fees as provided by law [hereinafter, “Attorneys’ Fees Award”].”
In the present appeal, Plaintiffs seek review of the trial court’s order granting Defendants’ motion for summary judgment and denying their motions for partial summary judgment and for class certification. In Defendants’ cross-appeal, Defendants seek review of the trial court’s Attorneys’ Fees Award.
II. Jurisdiction
The threshold issue presented is whether and to what extent this Court has jurisdiction over the parties’ appeals. “Generally, an interlocutory order is not immediately appealable.” Builders Mut. Ins. Co. v. Meeting Street Builders, LLC, _ N.C. App. _, _, 736 S.E.2d 197, 199 (2012). An order is interlocutory where it “does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.” Veazey v. City of Durham, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). A party may immediately appeal from an interlocutory order, however, where the issue has been certified by the trial court for immediate appellate review pursuant to N.C. R. Civ. P. 54(b) or where the interlocutory order “deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.” Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (internal citations omitted).
In the present case, the trial court order resolves the entire controversy except with respect to two matters. First, although the trial court has entered the Attorneys’ Fees Award, the court has not yet determined the amount of the Award. Second, further action is required with respect to the Comprehensive Plan, which the trial court has ordered certain Defendants to prepare and present to the court for review.
Our Supreme Court has held that “[a]n order that completely decides the merits of an action [] constitutes a final judgment for purposes of appeal even when the trial court reserves for later determination collateral issues such as attorney’s fees and costs." Duncan v. Duncan, 366 N.C. 544, 546, 742 S.E.2d 799, 801 (2013) (emphasis added). Therefore, while our Supreme Court considers the Attorneys’ Fees Award a “collateral issue,” it is unclear whether the presentation and review of the Comprehensive Plan also constitutes a “collateral *99 issue.” Notwithstanding, the trial court has certified the issues raised in Plaintiffs’ appeal for immediate appellate review. Accordingly, we have jurisdiction to address the issues raised in Plaintiffs’ appeal.
Regarding Defendants’ cross-appeal, Defendants are not challenging the trial court’s injunction prohibiting future violations of the TwelveMonth Rule or the directive to present the Comprehensive Plan to the court. Accordingly, we do not address the propriety of those portions of the order. Rather, Defendants only challenge the “collateral issue” of the “Attorneys’ Fees Award.” In that the trial court left open for future determination the amount Defendants would be taxed, Defendants’ appeal of this collateral issue is interlocutory.[1] Since the trial court did not certify the Attorneys’ Fees Award issue for immediate appellate review, Defendants may challenge the Attorneys’ Fees Award in this appeal only to the extent that the Award affects a substantial right.
Defendants make a number of arguments in their brief challenging the Attorneys’ Fees Award; however, their only argument based on a substantial right is their contention that the award is “in derogation of [Defendants’] sovereign immunity.” See McClennahan v. N.C. Sch. of the Arts, 177 N.C. App. 806, 808, 630 S.E.2d 197, 199 (2006) (holding that “appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to immediate appellate review”), disc. review denied, 361 N.C. 220, 642 S.E.2d 443 (2007). Accordingly, we review Defendants’ appeal of the Attorneys’ Fees Award only to the extent that their challenge is based on sovereign immunity; however, we dismiss Defendants’ appeal to the extent that Defendants’ challenge is based on some other defense or upon the merits.
III. Analysis
We address the issues raised in Plaintiffs’ appeal and the issue raised in Defendants’ appeal, in turn, below.
A. Plaintiffs’Appeal
Plaintiffs essentially make two arguments on appeal: (1) the trial court erred in granting Defendants’ motion for summary judgment with respect to Plaintiffs’ breach of contract claim; and (2) the trial court erred in denying Plaintiffs’ motion for class certification. For the following reasons, we affirm the trial court’s rulings on these issues.
*100 1. Summary Judgment
In their complaint, Plaintiffs alleged that Defendants had breached their employment agreements by failing to provide Plaintiffs, after twelve months of service, with the benefits generally provided to permanent employees. Plaintiffs contend that the trial court’s order granting Defendants’ summary judgment motion on Plaintiffs’ breach of contract claim conflicts with our holding in Sanders II. Specifically, Plaintiffs argue that our prior holding in that case establishes as a matter of law that Defendants are liable to Plaintiffs for breach of contract, based on Defendants’ admitted violation of the Twelve-Month Rule, and all that remained was for a jury to decide the issue of damages.
Plaintiffs, however, misconstrue our holding in Sanders II. We did not hold in that case that the failure to adhere to the Twelve-Month Rule established Defendants’ liability for breach of contract as a matter of law. We held only that the allegations in Plaintiffs’ complaint were sufficient to survive Defendants’ Rule 12(b)(6) motion to dismiss. Sanders II, 197 N.C. App. at 321, 677 S.E.2d at 187 (stating that “[b]ecause there is a breach of the rules under which the contract was formed, [Plaintiffs’ complaint sufficiently alleged a breach of contract claim and should have survived [Defendants’ motion to dismiss”). The issue of whether Defendants were liable for breach of contract was not ripe for consideration at the time we decided Sanders II, as the issue then presented dealt only with the sufficiency of the allegations set forth in Plaintiffs’ complaint.
In Sanders II, we instructed the trial court on remand to determine “the legal relationships and status of the parties” — including the terms of any agreements — “at the twelve month and one day mark and beyond.” Id. at 323, 677 S.E.2d at 188. We stated as follows:
[I]t is clear that [PJlaintiffs accepted some sort of arrangement with [Defendants by accepting continued work and compensation, without a permanent appointment and without benefits. Whether that arrangement was discussed with [P]laintiffs individually or collectively and what [P]laintiffs understood about their status are relevant inquiries requiring further factual development.
Id. at 323, 677 S.E.2d at 189. On remand, the parties conducted extensive discovery, after which the trial court conducted a hearing and granted summary judgment in favor of Defendants on Plaintiffs’ breach of contract claim.
*101 We believe that the trial court correctly concluded that Defendants did not breach their employment contracts with. Plaintiffs. Plaintiffs failed to produce any evidence to create a genuine issue of material fact with respect to whether Defendants had made any promises or inducements to Plaintiffs to cause them to continue their employment beyond twelve months, other than to continue paying their normal wages, which were, in fact, paid as agreed. There was no evidence presented to suggest that Defendants had represented to Plaintiffs that their employment status would convert to that of a permanent employee after twelve months of service. Furthermore, there is nothing in the Commission rules or the relevant law that contractually obligated Defendants to treat Plaintiffs as permanent employees after twelve months of service. Indeed, we held just the opposite in Sanders II, stating that if the trial court were to determine on remand that Plaintiffs’ employment had automatically converted to permanent status, the trial court would be “enact[ing] an employment scheme in direct contravention of the state constitution and other sections of the regulatory scheme.” Id. at 322, 677 S.E.2d at 188; see also Cauthen v. N.C. Dept. of Human Resources, 112 N.C. App. 238, 242, 435 S.E.2d 81, 84 (1993) (refusing to allow an employee with a permanent appointment to achieve tenure by tacking onto her current appointment period her previous periods of temporary employment, stating that in doing so we would effectively be creating “a quasi-tenure system in temporary employment which neither the General Assembly nor the State Personnel Commission intended”).
Plaintiffs, however, argue that Defendants’ “breach” of the TwelveMonth Rule is sufficient to sustain their breach of contract claim, even if such breach entitles Plaintiffs only to nominal damages. We are unpersuaded. As this Court recognized in Sanders II, administrative regulations pertinent to a particular contractual arrangement between the State and its employees may properly be incorporated into, and govern, a State employment contract. 197 N.C. App. at 320-21, 677 S.E.2d at 187. The State, certainly, has an obligation to the public to conduct its affairs in accordance with its own regulations. We do not believe, however, that every instance in which a regulation incorporated into a State employment contract is ignored provides the employee with a breach of contract claim against the State.
Here, Defendants ignored the Twelve Month Rule by permitting each Plaintiff to remain employed after twelve months. Likewise, each Plaintiff ignored the Twelve Month Rule by continuing to report to work beyond twelve months of employment. We do not condone Defendants’ conduct in neglecting to comport with its own administrative regulations. *102 However, we do not believe the trial court erred in granting Defendants’ motion for summary judgment on Plaintiffs’ breach of contract claim, where Defendants’ conduct involved allowing Plaintiffs to continue working under their respective contracts when they were no longer eligible to continue performing under them — where the uncontradicted evidence showed that Plaintiffs were compensated as agreed and where there is no law requiring Defendants to confer any other benefit or status upon Plaintiffs after twelve months of service.
2. Class Certification
Plaintiffs further contend that the trial court erred in denying their motion for class certification. Our Supreme Court has held that “[t]he trial court has broad discretion in determining whether a case should proceed as a class action.” Faulkenbury v. Teachers’ and State Employees’ Ret. Sys. Of N.C., 345 N.C. 683, 699, 483 S.E.2d 422, 432 (1997). Upon review, we discern no abuse of discretion - given the circumstances presented and procedural posture of this case - in the trial court’s decision to deny class certification.
B. Defendants’Appeal
Defendants appeal from the trial court’s Attorneys’ Fees Award. As previously stated, since this appeal is interlocutory, we are compelled only to consider Defendants’ contention that the Attorneys’ Fees Award is in derogation of its sovereign immunity, which we have held affects a substantial right.
Plaintiffs argue that the Attorneys’ Fees Award is appropriate because the State has waived sovereign immunity in this context under N.C. Gen. Stat. § 6-19.1, a provision which authorizes the court to award attorneys’ fees to a prevailing party “who is contesting State action pursuant to G.S. 150B-43 or any other appropriate provisions of law[.]” N.C. Gen. Stat. § 6-19.1(a). Alternatively, Plaintiffs argue that the Attorneys’ Fees Award is appropriate under the Declaratory Judgment Act, N.C. Gen. Stat. § 1-263 (2013) (permitting recovery of attorneys’ fees where “such award of costs [is] equitable and just”), because the Award is based upon Plaintiffs’ breach of contract claims, which has already survived Defendants’ sovereign immunity challenge.
The trial court’s order does not specify a statutory basis for the Attorneys’ Fees Award. Rather, the order merely taxes Defendants “with the costs of this action, including attorney fees as provided by law.” Because the order directs only that Defendants bear Plaintiffs’ attorneys’ fees “as provided by law,” and because the State has, in certain instances *103 — e.g., under N.C. Gen. Stat. § 6-19.1 — waived sovereign immunity with respect to claims for attorneys’ fees, we cannot at this point conclude that the trial court committed reversible error based on the State’s sovereign immunity defense. We, accordingly, affirm the portion of the trial court’s order imposing the Attorneys’ Fees Award “as provided by law” based on the State’s contention concerning its defense of sovereign immunity, but we do not reach the merits of the State’s remaining contentions on this issue, as they are not predicated upon, and do not implicate, a substantial right of the State. We note that our holding in this respect should not be construed as precluding the State from raising sovereign immunity as a defense should the trial court enter a subsequent order awarding attorneys’ fees on a particular, articulated basis.
IV. Conclusion
For the foregoing reasons, we affirm the trial court’s order granting Defendants’ motion for summary judgment and denying Plaintiffs’ motions for partial summary judgment and for class certification.
With respect to the issues raised in Defendants’ cross-appeal, we affirm the Award, in part, based on Defendants’ sovereign immunity argument; and we dismiss, in part, the Defendants’ arguments concerning the Award not based on sovereign immunity.
AFFIRMED IN PART; DISMISSED IN PART.
Judge STROUD concurs.

. Under Duncan, an unresolved collateral issue does not render a judgment or order deciding the main issues interlocutory. However, an appeal of the collateral issue of attorney fees, itself, is interlocutory if the trial court has not set the amount to be awarded.