PATRICIA HYATT, Plaintiff-Appellant v. TOWN OF LAKE LURE, STATE OF NORTH CAROLINA, AND THE NORTH CAROLINA DEPT. OF ADMINISTRATION, Defendants

No. COA07-728

(Filed 15 July 2008)

**Appeal and Error— appealability—partial summary judgment—claims remaining against another defendant**

Plaintiff's appeal from an 8 March 2007 partial summary judgment order is dismissed as an appeal from an interlocutory order because: (1) the judgment disposed of plaintiff's claims against the town, but left unresolved her claims against the State of North Carolina; (2) there was no Rule 54(b) certification in the record; and (3) plaintiff neither stated nor argued that her appeal affected a substantial right.

Appeal by plaintiff from summary judgment entered 8 March 2007 by Judge Ronald K. Payne in Rutherford County Superior Court. Heard in the Court of Appeals 12 December 2007.

*Tomblin, Farmer & Morris, PLLC, by Joshua B. Farmer, for plaintiff-appellant.*

*Russell & King, PA, by Sandra M. King, and Callahan Law Office, PLLC, by J. Christopher Callahan, for defendant-appellee.*

STEELMAN, Judge.

Appeal of an interlocutory order that fails to dispose of all claims against all parties is premature and must be dismissed.

## Factual and Procedural Background

"The procedural quagmire that confronts us here is best unraveled by a chronological account of the proceedings in the trial court[s]." *Bailey v. Gooding,* 301 N.C. 205, 206, 270 S.E.2d 431, 432 (1980). On 24 April 2002 plaintiff filed an action in the United States District Court for the Western District of North Carolina against the Town of Lake Lure ("Town") and others. Her amended complaint asserted four causes of action: (1) a challenge to the validity of the Lake Structures Regulations as being invalid under Article 19 of Chapter 160A of the North Carolina General Statutes; (2) a claim that the Lake Structure Regulations violated plaintiff's constitutional rights, including substantive and procedural due process and equal protection; (3) a claim in the alternative that plaintiff was in compliance with the regulations and that the Town was estopped from enforcement; (4) a claim under 42 U.S.C. § 1983. The Town filed a counterclaim for trespass. On 18 December 2003, Judge Lacy H. Thornburg granted summary judgment in favor of defendants as to all of plaintiff's claims and dismissed the counterclaim, without prejudice. *Hyatt v. Town of Lake Lure,* 314 F. Supp. 2d 562 (W.D.N.C. 2003). In its opinion, the trial court noted that, although plaintiff's claims were under "state law in federal law clothing," it had elected not to abstain from deciding these claims "because it would severely prejudice the parties by forcing them to repeat in the state court action the litigation which has already occurred." *Id.* at 571. All of Judge Thornburg's rulings were affirmed by the United States Court of Appeals for the Fourth Circuit on 10 November 2004. *Hyatt v. Town of Lake Lure,* 114 Fed. Appx. 72 (4th Cir. 2004).

On 23 May 2005, plaintiff filed the instant action in the Superior Court of Rutherford County against the Town, the State of North Carolina, and the North Carolina Department of Administration.

Neither the State nor its agency were parties to the federal court action. This complaint asserted four causes of action: (1) a claim to quiet title among the parties, re-asserting plaintiff's position as to the location of the shoreline; (2) damages and attorney's fees for alleged inverse condemnation by the Town; (3) a challenge to the validity of a 12 April 2005 amendment to the Town's Lake Structure Regulations; and (4) a claim that Chapter 146 of the North Carolina General Statutes vests the regulation of Lake Lure in the North Carolina Department of Administration, rather than in the Town. Plaintiff named both the Town and the State of North Carolina in the first and last causes of action. Claims two and three involved only the Town. All defendants filed answers to the complaint.

On 2 February 2007, the Town filed motions to dismiss under Rule 12 of the North Carolina Rules of Civil Procedure based upon mootness, *res judicata*, collateral estoppel, statute of limitations, and N.C. Gen. Stat. § 1-45.1. These motions were heard by Judge Payne on 12 February 2007 in the presence of all parties. Prior to the entry of the trial court's order in favor of the Town, plaintiff voluntarily dismissed, without prejudice, her third cause of action. The trial court considered matters outside of the record in deciding the Town's motion, and pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure, treated the motion as being one for summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure.

The order of the trial court was filed on 8 March 2007, granting summary judgment in favor of the Town only. The order is silent as to claims against the State of North Carolina, and the trial court did not certify its order pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. Plaintiff appeals.

### Appeal of Interlocutory Order

Appellant asserts that the 8 March 2007 summary judgment order is a final judgment and that appeal lies to this Court pursuant to N.C. Gen. Stat. § 7A-27(b). We disagree.

At common law, there was no appeal of right from a decision of the trial court. *Oestreicher v. Stores*, 290 N.C. 118, 123, 225 S.E.2d 797, 801 (1976). Until the enactment of Chapter 2 of the Laws of North Carolina, the only manner in which a trial court decision could be reviewed was by writ. *Id.* An appellant must strictly comply with the statutory provisions setting forth an avenue of appeal. *See, e.g., Harris v. Matthews*, 361 N.C. 265, 269, 643 S.E.2d 566, 568-69 (2007) (setting forth the statutory requirements under N.C. Gen. Stat.

§§ 1-277, 7A-27 and Rule 54 of the Rules of Civil Procedure for appeal of an interlocutory order); *Jeffreys v. Raleigh Oaks Joint Venture,* 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). A party has no right to appeal a decision of the trial court simply because it chooses to or feels it is tactically advantageous to do so.

> A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal. The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.

> Nonetheless, in two instances a party is permitted to appeal interlocutory orders. First, a party is <u>permitted</u> to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits. Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.

*Jeffreys,* 115 N.C. App. at 379, 444 S.E.2d at 253 (internal quotations and citations omitted) (emphasis in original).

A review of the record makes clear that the order appealed from is interlocutory. The judgment disposes of plaintiff's claims against the Town, while leaving unresolved her claims against the State of North Carolina. Plaintiff did not take a voluntary dismissal of her claims against the remaining defendants. There is no Rule 54(b) certification in the record, and plaintiff neither states nor argues that her appeal affects a substantial right. *Jeffreys,* 115 N.C. App. at 379-80, 444 S.E.2d at 253-54. It is not the role of this Court to create an avenue of appeal not properly asserted in plaintiff's brief. *Id.* at 380, 444 S.E.2d at 254 ("It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.") (citation omitted).

As noted by the Supreme Court in *Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 377 (1950), interlocutory appeals fragment and impede the judicial process.

> There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders. The rules regulating appeals from the Superior Court to the Supreme Court are designed to forestall the useless delay inseparable from unlimited fragmentary appeals, and to enable courts to perform their real function, *i.e.*, to administer "right and justice . . . without sale, denial, or delay." N.C. Const., Art. I, Sec. 35.

*Id.* at 363-64, 57 S.E.2d at 382. We hold that the trial court's granting of summary judgment was not a final order and appellant has not established any right of appeal of the 8 March 2007 order.

"[I]f an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Bailey v. Gooding*, 301 N.C. at 208, 270 S.E.2d at 433 (citations omitted). Plaintiff's appeal is premature and this matter is

DISMISSED.

Judges McCULLOUGH and GEER concur.