An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-830

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

ESTATE OF RUBY SPAINHOUR MILLS, by
and through WILLIAM L. MILLS, III,
EXECUTOR,

    Plaintiff,

vs.                                        Cabarrus County
                                           No. 12 CVS 471
ESTATE OF HAROLD LUTHER MILLS, by
and through E. THOMAS HARTSELL,
EXECUTOR,

    Defendant.


Appeal by Plaintiff from judgment entered 26 November 2012 by Judge Richard L. Doughton in Cabarrus County Superior Court. Heard in the Court of Appeals 12 December 2013.

> *Mills Law. P.A., by William L. Mills, III, for Plaintiff.*
>
> *Orsbon & Fenninger LLP, by R. Anthony Orsbon, for Defendant.*


DILLON, Judge.


The Estate of Ruby Spainhour Mills, by and through William L. Mills, III, Executor (Plaintiff), appeals from the trial court's judgment dismissing its claims against the Estate of

Harold Luther Mills, by and through E. Thomas Hartsell, Executor (Defendant), pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief could be granted. After careful review, we dismiss Plaintiff's interlocutory appeal as premature.

## I. Factual & Procedural Background

On 10 February 2012, Plaintiff filed a complaint against Defendant in Cabarrus County Superior Court, asserting a number of claims relating to their joint ownership of a lake house located in Mecklenburg County (the Lake House property). Specifically, Plaintiff requested, *inter alia*, an order requiring Defendant to convey its interest in the Lake House property to Plaintiff and to reimburse Plaintiff for Defendant's share of some of the Lake House property-related expenses. On 27 March 2012, Defendant filed an answer and a Rule 12(b)(6) motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief could be granted. In its answer, Defendant also asserted three counterclaims relating to their joint ownership of the Lake House property, seeking affirmative relief from Plaintiff in the form of monetary damages. On 26 November 2012, the trial court entered a judgment dismissing Plaintiff's complaint with prejudice on grounds that the

complaint failed to state a claim against Defendant upon which relief could be granted. From this judgment of dismissal, Plaintiff now appeals.

## II. Analysis

The threshold question is whether this Court has jurisdiction over Plaintiff's appeal. Though neither party has raised this issue, it is well established that "if an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980) (citing *Dickey v. Herbin*, 250 N.C. 321, 108 S.E.2d 632 (1959); *Rogers v. Brantley*, 244 N.C. 744, 94 S.E.2d 896 (1956)).

A judgment of the Superior Court is either "final" or "interlocutory" in nature. *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Id.* An interlocutory judgment or order, in contrast, "is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire

controversy." *Id.* While a party has an appeal "of right" to this Court from a final judgment of the Superior Court, N.C. Gen. Stat. §7A-27(b)(1) (2011), an interlocutory order is generally not immediately appealable, N.C. Gen. Stat. § 1A-1, Rule 54(b) (2011).

In *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 444 S.E.2d 252 (1994), we described the narrow circumstances under which an interlocutory ruling is immediately appealable:

> "[I]n two instances a party is permitted to appeal interlocutory orders . . . ." First, a party is permitted to appeal from an interlocutory order when the trial court enters "a final judgment as to one or more but fewer than all of the claims or parties" and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.*

*Id.* at 379, 444 S.E.2d at 253 (internal citations omitted) (emphasis added).

The trial court's judgment of dismissal, from which Plaintiff presently appeals, disposed of Plaintiff's claims

against Defendant, but did not address Defendant's counterclaims against Plaintiff. There is no indication, based upon our review of the record, that Defendant's counterclaims have been settled, dismissed, or otherwise disposed of. The trial court's judgment is, therefore, interlocutory, in that it "does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. Furthermore, the trial court did not certify the judgment as immediately appealable, N.C. Gen. Stat. § 1A-1, Rule 54(b) (2011); and, significantly, Plaintiff makes no argument that the judgment affects a "substantial right," *see Hyatt v. Town of Lake Lure*, 191 N.C. App. 386, 389, 663 S.E.2d 320, 322 (2008) (citing *Jeffreys*, 115 N.C. App at 380, 444 S.E.2d at 254, in dismissing interlocutory appeal where there was no Rule 54(b) certification in the record, and the appealing party "neither state[d] nor argue[d] that her appeal affect[ed] a substantial right"). As we stated in *Hyatt*, "[i]t is not the role of this Court to create an avenue of appeal not properly asserted in plaintiff's brief." *Id*. (citing *Jeffreys*, 115 N.C. App at 380, 444 S.E.2d at 254, for the proposition that "[i]t is not the duty of this Court to construct arguments for or find support

for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits"). Plaintiff's appeal is, therefore, dismissed.

DISMISSED.

Judges STROUD and HUNTER, JR. concur.

Report per Rule 30(e).