IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-1120

Filed: 15 March 2016

Mecklenburg County, No. 14 CVS 17400

CHRISTENBURY EYE CENTER, P.A., Plaintiff,

v.

MEDFLOW, INC. and DOMINIC JAMES RIGGI, Defendants.

Appeal by plaintiff from order and opinion entered 23 June 2015 by Judge James L. Gale in Mecklenburg County Superior Court. Heard in the Court of Appeals 24 February 2016.

> *Shumaker, Loop & Kendrick, LLP, by Frederick M. Thurman, Jr., for plaintiff-appellant.*
>
> *Robinson, Bradshaw & Hinson, P.A., by Fitz E. Barringer and Douglas M. Jarrell, for defendant-appellee Medflow, Inc.*
>
> *Moore & Van Allen PLLC, by Benjamin P. Fryer and Nader S. Raja, for defendant-appellee Dominic James Riggi.*

DAVIS, Judge.

Christenbury Eye Center, P.A. ("Christenbury") appeals from the trial court's order and opinion granting the motions of Medflow, Inc. ("Medflow") and Dominic James Riggi ("Riggi") (collectively "Defendants") to dismiss Christenbury's claims for breach of contract and unfair trade practices pursuant to Rule 12(b)(6) of the North

Carolina Rules of Civil Procedure. After careful review, we dismiss Christenbury's appeal for lack of jurisdiction.

**Factual Background**

Christenbury is a professional association located in Charlotte, North Carolina that offers ophthalmology and ophthalmic services. Medflow is a software company that develops customized enhancements to medical records management software for medical practices and was formed by Riggi in January of 1999.

In late 1998 or early 1999, Christenbury hired Riggi to develop a customized medical records management software platform for use in its practice. Riggi subsequently formed Medflow, which worked with Christenbury to customize and enhance a platform to suit the practice's specific needs. Christenbury paid Medflow in excess of $200,000.00 for the completed software platform and retained all rights to the finished product.

On 20 October 1999, Christenbury and Medflow entered into a written Agreement Regarding Enhancements ("the Agreement") pursuant to which Christenbury agreed to assign its rights to the software platform and any subsequent enhancements made thereto by Medflow in exchange for (1) a ten percent royalty for all fees received in connection with the platform's resale; and (2) a minimum yearly royalty of $500.00 for the first five years after the Agreement was executed. The Agreement further obligated Medflow to "provide Christenbury with a written report

on a monthly basis which will include a detailed description of the fees received . . . during the prior month, along with payment to Christenbury of all corresponding fees due with respect to such charges for that prior month" and prohibited Medflow from selling the platform or any enhancements thereto in North Carolina or South Carolina without Christenbury's prior written consent.

On 22 September 2014, Christenbury filed a verified complaint in Mecklenburg County Superior Court against Medflow and Riggi alleging, *inter alia*, that they had breached the Agreement by further developing and reselling the platform to other ophthalmological practices without paying any royalties to Christenbury. On 29 October 2014, an order was entered designating the case as a mandatory complex business case in accordance with N.C. Gen. Stat. § 7A-45.4(b), and the case was assigned to the Honorable James L. Gale of the North Carolina Business Court ("the Business Court").

On 21 November 2014, Riggi filed a motion to dismiss Christenbury's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Medflow filed a similar motion to dismiss on 1 December 2014.

A hearing on Defendants' motions was held before Judge Gale on 5 March 2015. On 23 June 2015, Judge Gale entered an order and opinion granting Defendants' motions and dismissing Christenbury's action with prejudice. Christenbury filed a written notice of appeal on 16 July 2015.

## Analysis

Before we can address the merits of the substantive issues raised by Christenbury, we must first determine whether we possess jurisdiction over the appeal. *See Hyatt v. Town of Lake Lure*, 191 N.C. App. 386, 390, 663 S.E.2d 320, 322 (2008) ("If an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." (citation, quotation marks, and brackets omitted)). For the reasons set out below, we conclude that we lack jurisdiction over this appeal.

In 2014, our General Assembly enacted Chapter 102 of the 2014 North Carolina Session Laws, which, among other things, amended N.C. Gen. Stat. § 7A-27 so as to provide a direct right of appeal to the Supreme Court from a final judgment of the Business Court. *See* 2014 N.C. Sess. Laws 621, 621, ch. 102, § 1. N.C. Gen. Stat. § 7A-27(a)(2) now provides, in pertinent part, as follows:

> (a) Appeal lies of right *directly to the Supreme Court* in any of the following cases:
>
> . . . .
>
> (2) From any final judgment in a case designated as a mandatory complex business case pursuant to G.S. 7A-45.4 . . . .

N.C. Gen. Stat. § 7A-27(a)(2) (2015) (emphasis added).

This statutory provision clearly mandates that appeals from final judgments[1] rendered in the Business Court be brought in the North Carolina Supreme Court and not in this Court.[2]  Therefore, the only remaining question is whether the 2014 amendments to N.C. Gen. Stat. § 7A-27(a)(2) apply to the present appeal.

The effective date of the 2014 amendments to N.C. Gen. Stat. § 7A-27(a)(2) was 1 October 2014.  *See* 2014 N.C. Sess. Laws 621, 629, ch. 102, § 9 ("Section 1 of this act becomes effective October 1, 2014, and applies to actions designated as mandatory complex business cases on or after that date.").  The present case was designated as a mandatory complex business case on 29 October 2014.  Therefore, this case is, in fact, governed by the 2014 amendments to N.C. Gen. Stat. § 7A-27(a)(2).  Accordingly, we lack jurisdiction over Christenbury's appeal, and as a result, the appeal must be dismissed.  *See Hous. Auth. of City of Wilmington v. Sparks Eng'g, PLLC*, 212 N.C. App. 184, 187, 711 S.E.2d 180, 182 (2011) ("A jurisdictional default precludes the appellate court from acting in any manner other than to dismiss the appeal." (citation, quotation marks, and ellipses omitted)).

**Conclusion**

---

[1] N.C. Gen. Stat. § 7A-27(a), as amended, also provides that certain interlocutory orders entered by the Business Court are likewise directly appealable to the Supreme Court.  N.C. Gen. Stat. § 7A-27(a)(3).

[2] We note that N.C. Gen. Stat. § 7A-27 was amended once again in 2015.  *See* 2015 N.C. Sess. Laws 166, 166, ch. 264, § 1.(b).  However, the 2015 amendments have no bearing on the jurisdictional issue currently before us.

For the reasons stated above, this appeal is dismissed.

DISMISSED.

Judges ELMORE and HUNTER, JR. concur.