Zloop, Inc. v. Parker Poe Adams & Bernstein, LLP, 2018 NCBC 39.

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
|---|---|
| COUNTY OF MECKLENBURG | 17 CVS 5480 |

ZLOOP, INC.,

      Plaintiff,

    v.

PARKER POE ADAMS & BERNSTEIN, LLP; ALBA-JUSTINA SECRIST a/k/a A-J SECRIST, and R. DOUGLAS HARMON,

      Defendants.

**ORDER & OPINION ON MOTION TO DISMISS APPEAL AND MOTION FOR LEAVE TO FILE AMENDED NOTICE OF APPEAL**

1.     THIS MATTER is before the Court on Defendants Parker Poe Adams & Bernstein, LLP, Alba-Justina Secrist, and R. Douglas Harmon's Motion to Dismiss Appeal and on Plaintiff Zloop, Inc.'s Motion for Leave to File Amended Notice of Appeal (collectively, the "Motions"). For the reasons discussed below, the Court GRANTS the Motion to Dismiss Appeal and DENIES the Motion for Leave to File Amended Notice of Appeal.

> *Rossabi Reardon Klein Spivey PLLC, by Gavin J. Reardon, for Plaintiff Zloop, Inc.*
>
> *Robinson, Bradshaw & Hinson, P.A., by Robert W. Fuller, for Defendants Parker Poe Adams & Bernstein, LLP, Alba-Justina Secrist a/k/a A-J Secrist, and R. Douglas Harmon.*

Gale, Chief Judge.

2.     On February 16, 2018, this Court entered its Order & Opinion granting Defendants' Motion for Judgment on the Pleadings ("Judgment"), which was served electronically on the parties that same day. A written copy of the Judgment was

received and filed by the Clerk of the Mecklenburg County Superior Court on February 20, 2018. On February 21, 2018, Defendants certified service of the Judgment on Plaintiff's counsel.

3. There is no dispute that Plaintiff filed its notice of appeal ("Notice") less than thirty days from when the Judgment was filed and served, which reads in full as follows:

> TO THE HONORABLE COURT OF APPEALS OF NORTH CAROLINA:
>
> Plaintiff Zloop, Inc. hereby gives notice of appeal to the North Carolina Court of Appeals from all rulings contained in the "Order & Opinion on Defendants' Motion for Judgment on the Pleadings Pursuant to N.C.R.P. 12(c)" of the Honorable James L. Gale, Chief Business Court Judge, filed in this action on February 16, 2018, as ECF No. 55, which granted Defendants' motion for judgment on the pleadings and dismissed all claims of the Amended Complaint with prejudice.
>
> This 2nd day of March, 2018.

(Pl's. Notice of Appeal, ECF No. 57.)

4. Plaintiff electronically filed the Notice on March 2, 2018, filed the Notice of Appeal with the Clerk of Mecklenburg County Superior Court on March 5, 2018, and has since timely served a proposed record on appeal, to which Defendants' response is not yet due.

5. Section 7A-27 of the North Carolina General Statutes requires any appeal from this Court to be taken to the Supreme Court of North Carolina. N.C. Gen. Stat. § 7A-27(a) (2015).

6. On March 26, 2018, Defendants moved pursuant to Rule 25(a) of the Rules of Appellate Procedure to dismiss the appeal, contending that the Notice fails

to comply with Rule 3(d) of the Rules of Appellate Procedure because it does not properly designate the Supreme Court of North Carolina as the appellate court to which the appeal must be taken, and that the time for filing a proper notice of appeal had expired.

7.     Defendants addressed their Motion to Dismiss Appeal to this Court pursuant to Appellate Rule 25(a) because the record on appeal has not been finalized and filed in the appellate court.  *See Carter v. Clements Walker PLLC*, 08 CVS 4333, 2014 NCBC LEXIS 12, at \*6–10 (N.C. Super. Ct. Apr. 30, 2014) (discussing Rule 25 and concluding that "when an appeal has not yet been docketed with the appellate court, the trial court retains jurisdiction over the case" to determine whether the notice of appeal was properly filed); *Ehrenhaus v. Baker*, 08 CVS 22632, 2014 NCBC LEXIS 30, at \*3–4, (N.C. Super. Ct. July 16, 2014) (quoting N.C. R. App. P. 25(a)) (stating that Appellate Rule 25 "permits the trial court, upon motion of a party and prior to the filing of an appeal in the appellate court, to dismiss an appeal if the appellant 'fail[s] . . . to take any action required to present the appeal for decision'").

8.     On April 5, 2018, Plaintiff requested leave from this Court to file an amended notice of appeal, supported by counsel's affidavit and a supporting memorandum.

9.     As directed by the Court, both parties submitted additional memoranda addressing the Motions on April 18, 2018.

10.     The Court conducted a hearing on the Motions on April 25, 2018, at which counsel for both parties presented argument and submitted additional authorities.

11. The Notice does not comply with Rule 3(d) of the Rules of Appellate Procedure because it specifies that appeal is being taken to the North Carolina Court of Appeals, which does not have jurisdiction over final orders in cases designated to this Court on or after October 1, 2014. *Christenbury Eye Center, P.A. v. Medflow, Inc.*, 783 S.E.2d 264, 266 (N.C. App. 2016), *aff'd* 802 S.E.2d 888 (N.C. 2017).

12. The Supreme Court of North Carolina has held that "the provisions of Rule 3 are jurisdictional." *Bailey v. State,* 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000). Nevertheless, multiple opinions of the North Carolina Court of Appeals suggest, at least implicitly, that appellate courts may have discretionary authority to allow an appeal to proceed notwithstanding a notice of appeal's noncompliance with Rule 3. *See, e.g.*, *Phelps Staffing, LLC v. S.C. Phelps, Inc.*, 217 N.C. App. 403, 410, 720 S.E.2d 785, 791 (2011). It is also clear that the Court of Appeals has not always exercised any such discretion to salvage an appeal in the face of a notice that fails to comply with Rule 3. *See, e.g., Guilford Cty. Dep't of Emergency Servs. v. Seaboard Chem. Corp.*, 114 N.C. App. 1, 9, 441 S.E.2d 177, 181 (1994).

13. This Court has previously held that the trial court is not vested with such discretion and is required to strictly construe Rule 3. *See Carter*, 2014 NCBC LEXIS 12, at *18.

14. Although the Court acknowledges that its Judgment addressed significant issues that would present matters of first impression before the Supreme Court of North Carolina, and that both parties were aware that any appeal from the Judgment would be before the Supreme Court, the Court concludes that it does not

have authority to excuse the Notice's failure to comply with Rule 3. Having found that Plaintiff has not met the requirements of Rule 3, the Court concludes that it does not have jurisdiction to allow an amended notice of appeal.

15. Accordingly, the Court:

    a.    GRANTS Defendants' Motion to Dismiss Appeal and DISMISSES the appeal; and

    b.    DENIES Plaintiff's Motion for Leave to File Amended Notice of Appeal.

SO ORDERED, this the 30th day of April, 2018.

/s/ James L. Gale
James L. Gale
Chief Business Court Judge