Law Off. of Ashley-Nicole Russell, P.A. v. McLawhorn Legal Servs. PLLC, 2026 NCBC 44.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV028164-910

THE LAW OFFICE OF ASHLEY-NICOLE RUSSELL, P.A. (d/b/a ANR Law), A North Carolina Professional Association. and ASHLEY-NICOLE RUSSELL, an individual,

Plaintiffs,

v.

MCLAWHORN LEGAL SERVICES PLLC, A North Carolina Professional Limited Liability Company, and BENJAMIN T. MCLAWHORN, an individual (d/b/a "The Law Offices of Benjamin T. McLawhorn"),

Defendants.

**ORDER AND OPINION ON DEFENDANTS MCLAWHORN LEGAL SERVICES PLLC AND BENJAMIN T. MCLAWHORN'S MOTION TO DISMISS NOTICE OF APPEAL AND FOR ATTORNEYS' FEES**

1. **THIS MATTER** is before the Court following the 7 April 2026 filing of *Defendants McLawhorn Legal Services PLLC and Benjamin T. McLawhorn's Motion to Dismiss Notice of Appeal and for Attorneys' Fees* (the Motion). (ECF No. 45 [Mot.].) Pursuant to Rule 25(a) of the North Carolina Rules of Appellate Procedure (the Appellate Rules) and N.C.G.S. § 6-21.5, Defendants move to dismiss the notice of appeal filed by Plaintiffs in this action on 6 February 2026 and seek attorneys' fees.

2. For the reasons set forth herein, the Court **GRANTS** the Motion in part.

*Van Horn Law Firm, by Matthew I. Van Horn, for Plaintiffs The Law Office of Ashley-Nicole Russell, P.A. (d/b/a ANR Law) and Ashley-Nicole Russell.*

*Gaskins Hancock Tuttle Hash LLP, by E.D. Gaskins, Jr. and Elizabeth R. Harrison, for Defendants McLawhorn Legal Services PLLC and Benjamin T. McLawhorn.*

Robinson, Chief Judge.

## I.     RELEVANT BACKGROUND

3.     On 21 January 2026, the Court entered its *Order and Opinion on Defendants' Amended Motion to Dismiss and, in the Alternative, Motion to Stay*, dismissing all claims asserted against Defendants in this action with prejudice, which was served electronically on the parties through the Court's electronic filing system. (ECF No. 42.)  The Order and Opinion was filed with the Wake County Clerk of Superior Court the same day.

4.     On 6 February 2026, Plaintiffs filed a notice of appeal with this Court through the North Carolina Business Court's electronic filing system (the Notice of Appeal).  (ECF No. 44 [Notice].)  The Notice of Appeal provides as follows:

> PLEASE TAKE NOTICE that Plaintiff The Law Office of Ashley-Nicole Russell, P.A. d/b/a ANR Law and Ashley-Nicole Russell (collectively "Plaintiffs"), through counsel, pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure, hereby appeal to the North Carolina Court of Appeals from the trial court's Order and Opinion On Defendants' Amended Motion to Dismiss And, In The Alternative, Motion To Stay ("Order") which granted the Defendants' Amended Motion to Dismiss and, in the Alternative, Motion to Stay (ECF No. 10) and dismissed Plaintiffs' claims with prejudice.  The Order was signed on 21 January 2026 and entered by filing on 21 January 2026.

(Notice.)  The Notice of Appeal was not filed with the Wake County Clerk of Superior Court.

5.     On 5 March 2026, Plaintiffs provided Defendants with a proposed record on appeal.  (*See* ECF No. 46.1.)

6.     On 7 April 2026, Defendants filed the Motion, which has been fully briefed and is ripe for resolution.  Pursuant to Business Court Rule (BCR) 7.4, the Court, in its discretion, elects to rule on the Motion without oral argument.

## II.    ANALYSIS

7.    Defendants seek dismissal of the Notice of Appeal on the following grounds: (i) the Notice of Appeal was not filed, timely or untimely, with the Wake County Clerk of Superior Court; and (ii) the Notice of Appeal is addressed to the wrong appellate court.  (Mot. 1.)

8.    Pursuant to Appellate Rule 25(a):

> If after giving notice of appeal from any court . . . the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed.  Prior to the filing of an appeal in an appellate court, motions to dismiss are made to the court . . . from which appeal has been taken; after an appeal has been filed in an appellate court, motions to dismiss are made to that court.

N.C. R. App. P. 25(a).

9.    As the record on appeal has not been finalized and filed in the appellate court, Defendants have appropriately brought the Motion before this Court pursuant to Appellate Rule 25(a).  *See Carter v. Clements Walker PLLC*, 2014 NCBC LEXIS 12, at \*6–10 (N.C. Super. Ct. Apr. 30, 2014) (concluding that when an appeal has not yet been docketed with the appellate court, the trial court retains jurisdiction to determine whether a notice of appeal was timely and properly filed).

10.    Appellate Rule 3(a) provides that the appealing party "may take appeal by filing notice of appeal *with the clerk of superior court* and serving copies thereof upon all other parties within the time prescribed by subsection (c) of this rule."  N.C. R. App. P. 3(a) (emphasis added).  It is undisputed that Plaintiffs' deadline to file a notice

of appeal from the Court's 21 January 2026 Order and Opinion was 20 February 2026. *See* N.C. R. App. P. 3(c).

11. The 6 February 2026 filing by Plaintiffs of the Notice of Appeal on the Business Court's docket does not comply with provisions of Appellate Rule 3(a). Moreover, BCR 3.11 makes clear that "the Clerk of Superior Court in the county of venue maintains the official file for any action designated to the [Business] Court[.]" Therefore, Plaintiffs have failed to timely file a notice of appeal satisfying the requirements of Appellate Rule 3(a).

12. Further, pursuant to Section 7A-27 of the North Carolina General Statutes, any appeal from this Court shall be taken to the Supreme Court of North Carolina. N.C.G.S. § 7A-27(a). As the Notice of Appeal specifies that appeal has been taken to the North Carolina Court of Appeals, the Notice of Appeal fails to comply with Appellate Rule 3(d). *See Zloop, Inc. v. Parker Poe Adams & Bernstein, LLP*, 2018 NCBC LEXIS 40, at *4 (N.C. Super. Ct. Apr. 30, 2018) (citing *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 246 N.C. App. 237 (2016)).

13. As this Court noted in *Zloop*, the trial court must strictly construe Appellate Rule 3 and is not vested with the discretion to allow an appeal to proceed notwithstanding a notice of appeal's noncompliance with that rule. *Zloop*, 2018 NCBC LEXIS 40, at *4 (citing *Carter*, 2014 NCBC LEXIS 12, at *18).

### III.    CONCLUSION

14.    As Plaintiffs have failed to timely file the Notice of Appeal with the Wake County Clerk of Superior Court and have improperly directed their appeal to the North Carolina Court of Appeals, a dismissal of the appeal is appropriate.

15.    **THEREFORE**, the Court hereby **GRANTS** the Motion in part and **DISMISSES** the 6 February 2026 Notice of Appeal.  With respect to Defendants' request for attorneys' fees, the Court **ORDERS** that Defendants file a separate motion, along with a supporting brief and affidavits, justifying their request for an award of attorneys' fees, including a disclosure of the time spent and costs incurred, and evidence of the reasonableness of the fees requested.  Defendants shall file such motion within twenty-eight (28) days of entry of this Order and Opinion.

**SO ORDERED**, this the 29th day of April, 2026.

/s/ Michael L. Robinson
Michael L. Robinson
Chief Business Court Judge