Wright v. LoRusso, 2026 NCBC 48.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20CVS010612-590

JODY STANSELL, individually and
as a member of LORUSSO
VENTURES, LLC d/b/a
CINCH.SKIRT,

Plaintiff,

v.

KRISTA LORUSSO, individually and
as a member-manager of LORUSSO
VENTURES, LLC d/b/a
CINCH.SKIRT,

Defendant,

v.

LORUSSO VENTURES, LLC d/b/a
CINCH.SKIRT,

Nominal
Defendant.

**ORDER AND OPINION
DISMISSING PLAINTIFF'S APPEAL**

*Jody Stansell, pro se.*

*Leonard G. Kornberg, P.A., by Leonard G. Kornberg, for Defendant Krista LoRusso.*

*Higgins & Owens, PLLC, by Sally Higgins, for Nominal Defendant LoRusso Ventures, LLC.*

Conrad, Judge.

1. In an earlier order, the Court directed Plaintiff Jody Stansell to show cause why his notice of appeal should not be dismissed for failure to comply with governing rules and statutes. (*See* Order to Show Cause, ECF No. 317.) Stansell did not file a brief or take any other action in response to that order, and the deadline to do so has passed. The Court now dismisses his appeal for the following reasons.

2.     On 18 March 2026, the Court issued a final judgment disposing of all claims in this case. *See generally Stansell v. LoRusso*, 2026 NCBC LEXIS 68 (N.C. Super. Ct. Mar. 18, 2026). On 15 April 2026, Stansell filed a notice of appeal through the Court's electronic filing system, but he did not file the notice with the Clerk of Superior Court for Mecklenburg County. The document "gives notice of appeal to the North Carolina Court of Appeals . . . ." (Notice of Appeal, ECF No. 315.)

3.     It appears that Stansell's appeal has not been docketed with the appellate court. Accordingly, this Court retains jurisdiction to determine whether he timely and properly filed his notice of appeal. *See, e.g.*, *L. Off. of Ashley-Nicole Russell, P.A. v. McLawhorn Legal Servs. PLLC*, 2026 NCBC LEXIS 101, at *3–4 (N.C. Super. Ct. Apr. 29, 2026); *Carter v. Clements Walker PLLC*, 2014 NCBC LEXIS 12, at *6–8 (N.C. Super. Ct. Apr. 30, 2014).

4.     Under the North Carolina Rules of Appellate Procedure, an appealing party must file his "notice of appeal with the clerk of superior court" no more than "thirty days after entry of judgment." N.C. R. App. P. 3(a), (c)(1). Stansell did not file his notice of appeal with the Clerk of Superior Court for Mecklenburg County within thirty days of the Court's judgment (and, indeed, still has not filed the notice with the Clerk).

5.     In addition, an appeal from a "final judgment in a case designated as a mandatory complex business case" shall be taken to the Supreme Court of North Carolina. N.C.G.S. § 7A-27(a). Stansell, however, erroneously attempted to give notice of appeal to the North Carolina Court of Appeals. *See, e.g.*, *Christenbury Eye*

*Ctr., P.A. v. Medflow, Inc.*, 246 N.C. App. 237, 239–40 (2016) (dismissing an appeal from a final judgment of the Business Court for lack of jurisdiction).

6.      Accordingly, Stansell's notice of appeal is untimely and does not comply with Appellate Rule 3 and section 7A-27(a).  Though put on notice of these apparent defects and given the chance to show otherwise, Stansell has offered no response of any kind.

7.      As this Court has repeatedly observed, "the trial court must strictly construe Appellate Rule 3 and is not vested with the discretion to allow an appeal to proceed notwithstanding a notice of appeal's noncompliance with that rule."  *L. Off. of Ashley-Nicole Russell*, 2026 NCBC LEXIS 101, at *5 (dismissing notice of appeal that was not timely filed with the clerk of superior court and that erroneously named the Court of Appeals); *see also Zloop, Inc. v. Parker Poe Adams & Bernstein, LLP*, 2018 NCBC LEXIS 40, at *4–5 (N.C. Super. Ct. Apr. 30, 2018) (dismissing appeal); *Carter*, 2014 NCBC LEXIS 12, at *18–19 (same).

8.      For all these reasons, the Court **DISMISSES** Stansell's appeal.


        **SO ORDERED**, this the 21st day of May, 2026.


                                /s/ Adam M. Conrad
                                Adam M. Conrad
                                Special Superior Court Judge
                                 for Complex Business Cases